New-London,
July, 1849.

### Adams and others *against* Leavens and others.

Adams
*v.*
Leavens.

*A* mortgaged estate to *B*, who took possession and leased the premises to *C* for one year, at the rent of 1200 dollars, which, by a written agreement between *B* and *C*, was to be paid to *B* towards the extinguishment of *A's* debt to him secured by the mortgage. *C* occupied the property so leased, during the term. While the rent remained unpaid, *C* sold goods to *B* to the amount of 970 dollars, for which *C* drew a bill on *B*, payable on the 28th of *August ; C* was also the holder of another bill for 500 dollars, accepted by *B*, payable on the 12th of *June.* On the 13th of *May, B* assigned, *bona fide,* the mortgage and contract relative to rent, to *D ;* no notice of such assignment being given to *C* until the 27th of *July.* Before the bill for 500 dollars became due, *B* failed, and *C*, who had got both the bills discounted at a bank, took them up, (as he was compelled to do,) at maturity. In a suit afterwards brought by *D*, in the name of *B*, against *C*, to recover said rent, *C* claimed the right to set off the amount of said bills. Held, 1. that to prevent a set-off by *C* of any indebtedness accruing to him after the assignment to *D*, it was incumbent upon *D* to give *C* notice of such assignment, in a reasonable time ; 2. that the notice given in this case, was not in a reasonable time ; 3. that as the bill for 500 dollars was taken up at the bank by *C*, before notice of the assignment to *D, C* was entitled to set off that amount ; 4. that as the other bill had not been taken up by *C*, when the assignment to *D* was perfected by notice, but was then the property of the bank, *C* was not entitled to set off this claim.

Where real estate was sold by *A* and *B* jointly, and *A* received all the proceeds, it was held, that in the absence of all other evidence, the presumption of law from these facts was, that the vendors were joint owners and equally interested, and therefore one half of the proceeds belonged to each ; but this presumption was liable to be rebutted, by evidence shewing a different interest.

THIS was an action of *assumpsit,* brought to recover the rent of certain dwelling-houses, and a cotton factory, leased to the defendants.

They pleaded the general issue ; and gave notice, that on the trial, they would set off, against the plaintiffs' demand, two claims in their favour—one, for goods sold and delivered to the plaintiffs, amounting to the sum of 970 dollars, 68 cents, and the other, a certain bill of exchange, drawn by *C. W. Lawton,* and accepted by the plaintiffs, for the sum of 500 dollars, and endorsed to the defendants.

The cause was tried at *New-London, September* term, 1848.

On the trial of the cause to the jury, it was proved and admitted, that *Willes* and *Avery,* being the owners of the prop-

erty leased to the defendants, made two mortage deeds to the plaintiffs, to secure certain notes and liabilities, and in the mortgage deeds, acknowledged themselves to be holders of the mortgaged premises, as the lessees of the plaintiffs, and authorised them to enter upon the same, on their failure to perform the conditions of the deeds. They subsequently mortgaged the same property to *Henry C. Tyler*, and then failed, without having paid either of the mortgages. *Tyler* entered into possession of the premises, and leased them to the defendants. The plaintiffs being about to take measures to obtain possession of the property, an agreement was entered into, in writing, by the plaintiffs, the defendants and *Tyler*, by which it was stipulated, that the property should be leased to the defendants, for the term of one year from *April* 1st, 1846, at a rent of 1200 dollars, payable quarterly to the plaintiffs, which should be applied, in part-payment of the plaintiffs' claims against *Willes* and *Avery*. In pursuance of this arrangement, the defendants entered into possession of the property, and occupied it during the term.

In relation to the debts claimed to be set off, it was proved, that in *February* 1846, the defendants sold to the plaintiffs, certain goods, for 970 dollars, 68 cents, for which they drew their bill of exchange, payable in six months; which bill became due on the 28th day of *August*, 1846. About the same time, *C. W. Lawton* endorsed to the defendants another bill of exchange, accepted by the plaintiffs, for the sum of 500 dollars, payable in four months, and which became due on the 12th day of *June*, 1846. In *March* following, the defendants procured both of these bills to be discounted at the *Quinebaug Bank*, and endorsed and delivered them to the bank, receiving the proceeds thereof.

On the 13th day of *May*, 1846, the plaintiffs assigned and transferred to *Henry Douglass*, of *New-York*, their mortgages against *Willes* and *Avery*, and their contract with the defendants for rent, to secure him for certain debts, claimed to be due from the plaintiffs to him. That assignment was made in the city of *New-York*, and no notice was given of the assignment to the defendants, who resided in *Norwich*, until the 27th day of *July*, 1846. The plaintiffs, shortly after, failed.

The suit was instituted and prosecuted by *Douglass*, in the

names of the plaintiffs, upon the contract for the rent, to re-
cover the amount of the stipulated price.

In consequence of the failure of the plaintiffs, the defendants were compelled to pay and take up the two bills, accepted by the plaintiffs, and discounted at the *Quinebaug Bank ;* and they claimed the right to set off the amount of these bills, and to recover the balance.

This was resisted, by the plaintiffs, who claimed, that, as by the terms of agreement, the rent was to be applied in part-payment of the debts due from *Willes* and *Avery*, secured by the mortgages, which had been assigned to *Douglass*, he was entitled to recover the rent, without any notice of the assignment given to the defendants ; and that, if any such notice was necessary, he was entitled to recover the rent which became payable, after such notice had been given.

The plaintiffs, for the purpose of showing an indebtedness to *Douglass*, entitling them to recover for his benefit, introduced testimony to prove, that prior to the assignment, the plaintiffs, as partners, and *Douglass*, had sold certain real estate and machinery to *Francis Hersey* for 8,500 dollars ; and that the plaintiffs had received all the avails, without showing, by any other evidence, in what manner the property sold, was owned by them ; and claimed to the jury, that from these facts, and in the absence of all other evidence, they might presume that one half of the proceeds of the sale belonged to *Douglass*. And so the court informed the jury, in submitting the cause to them.

The court instructed the jury, that as the debts due to the defendants were greater than the one in favour of the plaintiffs, the defendants were entitled to a verdict for the balance, unless the jury should find, that the assignment to *Douglass* was made *bona fide* and for a full consideration. That if they should find that it was so made, it was further incumbent upon him to give to the defendants notice of the assignment, within a reasonable time, to prevent their setting off any indebtedness accruing to them, after the assignment and before notice. And that the notice given on the 27th day of *July*, 1846, under the circumstances, was not given in a reasonable time.

That with respect to the bill of exchange for the sum of 500 dollars, as the defendants had paid the amount to the

bank and taken it up, before they had notice of the assignment, they had, notwithstanding the assignment to *Douglass,* a right to set off that demand. But in relation to the other debt in favour of the defendants, as the bill given for it, at the several times, when the assignment was made and the notice given, was the property of the bank; and as the plaintiffs were indebted to the bank, and not to the defendants, for the amount, the subsequent payment of the bill, by the defendants, gave them no right of set-off for the same, provided the assignment to *Douglass* was *bona fide* and for a full consideration.

The jury returned a verdict in favour of the plaintiffs for the amount of their claim, after deducting the bill of 500 dollars. Both the parties, claiming that the court erred in omitting to instruct the jury in conformity with their respective claims, moved for a new trial; and the questions of law were reserved for the advice of this court.

*Strong,* for the plaintiffs, contended, That no set-off could legally be made against them, in this suit, under all the circumstances of the case.

*Willes* and *Avery* being owners of the property, and having mortgaged it to the plaintiffs, at the same time agreeing to hold it as their lessees, and with authority in them to take possession, in case of default in paying the mortgage, and possession being taken accordingly, the property, by an agreement between the plaintiffs and the defendants and *Tyler,* the subsequent mortgagee, was let to the defendants, with the agreement of all parties, that the rent should be applied to extinguish the mortgage debt; that being the only purpose for which the plaintiffs could have possession or let the premises. After this, the plaintiffs, being indebted to *Douglass,* assign to him the lease, and their debt and mortgage, to which the rent was to be applied. This was the only way in which the agreement could be carried into full effect. And because it was so, the defendants can make no defence on the ground of a want of notice of the assignment by the plaintiffs to *Douglass.* They are in no way prejudiced, by the want of this notice; for to apply the rents to any other debt of the plaintiffs to the defendants, would be a direct violation of the agreement between *these parties,* as well as of the rights of

the other parties to that agreement. *Willes* and *Avery* will have been deprived of the use of the property for one year, by the entry of their mortgagee, who was bound to apply the rents to their debt ; and, at the same time, one year's interest will have been added to their debt ; no part of the principal or interest being to be extinguished by these rents. The plaintiffs occupying only as mortgagees in possession, and *Douglass* succeeding to their debt and all their rights, especially to the right of having these rents so applied, are to have no such benefit ; but they are now to be applied to another debt in no way connected with the mortgage or lease. *Tyler*, the other party to the agreement on which the action is founded, loses all benefit of the rents, as applying to reduce the mortgage debt, leaving it so as probably not worth being redeemed by him.

*E. Perkins*, for the defendants, contended, 1. That they were entitled to set off their debt of 500 dollars. This draft was held by the defendants, before the assignment to *Douglass*, and afterwards, before they received any notice of the assignment, was by them paid after protest, and was thus in their hands a subsisting debt against the plaintiffs, when they received such notice. Now, in the first place, notice of the assignment, to affect the rights of debtors, must be given in a reasonable time. *Bishop* & al. v. *Holcomb*, 10 *Conn. R.* 144. *Van Buskirk* & al. v. *Hartford Fire Insur. Co.*, 14 *Conn. R.* 141. The notice in this case not having been given until more than two months after the assignment, was clearly not given in a reasonable time. Secondly, there is nothing in the connexion of the agreement for rents with the *Willes* and *Avery* mortgages, to vary the case from that of any ordinary debt, in respect to the right of set-off, or the necessity of notice of assignment. The defendants are not responsible for the plaintiffs' faithful application of the rents to the mortgage debts. Whatever operates as a payment of the rents, operates also as a payment on the mortgage. The *law* makes the application ; and it is not in the power of the plaintiffs or of *Douglass* to prevent it.

2. That the defendants are also entitled to set off their claim of 970 dollars, 60 cents, for goods sold to the plaintiffs. It is to be borne in mind, in the first place, that the right

which the defendants seek to exercise, is one based upon the principles of natural justice and equity, and is peculiarly favoured by courts. And here all the equity is on their side. *Douglass,* the real plaintiff, has parted with no property on the strength of this assignment. It was taken as security for prior subsisting debts. Secondly, the assignee of a chose in action not negotiable, takes it subject to all the equities existing against it, as between the assignor and the debtor. 2 *Sw. Dig.* 150. *Turton* v. *Benson,* 1 *P. Wms.* 496. 1 *U. S. Dig.* 248. *pl.* 109. *Chamberlin* v. *Gorham,* 20 *Johns. R.* 144. *Greene,* admr. v. *Hatch,* 12 *Mass. R.* 195. Thirdly, every person, who takes from an insolvent assignor a chose in action not negotiable, falling due at a future time, takes it subject to the debtor's right to set off all debts due from the assignor, which have accrued out of dealings existing between the parties prior to and at the time of the assignment. 2 *Sw. Dig.* 150. *Hosmer,* admr. v. *Merriam,* 1 *Root,* 427. *George* v. *Claggett,* 7 *Term R.* 359. *S. C.* 2 *Smith's Lead. Ca.* 77. *Hogan* v. *Shorb,* 24 *Wend.* 458. Fourthly, in this case, the mutual debts subsisting between the parties, are the result of mutual credits subsisting between them *prior to the assignment.* In such a case, a court of equity will decree a set-off, independently of the statute. 2 *Sto. Eq.* § 1436. n. *Cobb* v. *Haydock,* 4 *Day* 472. 474. *Lindsay* v. *Jackson,* 2 *Paige,* 581. Fifthly, the failure of the assignee, in this case, to give the defendants notice of the assignment in a reasonable time, will preclude him from making such assignment available to defeat a set-off.

3. That the court erred in instructing the jury as to the presumption raised by the conveyance to *Hersey.*

WAITE, J.    *Willes* and *Avery* mortgaged certain property to the plaintiffs, and afterwards mortgaged the same property to *Henry C. Tyler,* who entered into possession, and leased it to the defendants, for the term of one year, at a stipulated rent of twelve hundred dollars, payable quarterly. By a subsequent arrangement, made by the plaintiffs, the defendants and *Tyler,* it was agreed, by an instrument in writing, that the rent should be paid to the plaintiffs, and the amount applied toward the extinguishment of the debts due to the plaintiffs from *Willes* and *Avery.*

By the terms of this contract, the defendants, upon enjoy-  *New-London,* July, 1849.
——————
Adams
*v.*
Leavens. ing the use of the property, according to the provisions of the lease, became the debtors of the plaintiffs, and liable to pay them the stipulated rent.    And what would be the situation of the parties, provided the plaintiffs had made no assignment?

Before the suit was commenced, which was not until after the whole rent became due, the plaintiffs had failed and become insolvent; and the defendants had paid, and taken up from the bank, the two bills of exchange which the plaintiffs had accepted.    By the provisions of the statute, they would clearly have a right to set off the amount of these two bills, against the plaintiffs' demand for rent, and recover the balance.

The circumstance that the demand for the rent grew out of a lease of the property mortgaged by *Willes* and *Avery*, and that the amount of that rent was to be applied toward the extinguishment of the debts for which the property was mortgaged, can make no difference, as to the defendants' right of set-off.    The rent was payable to the plaintiffs for their own benefit, and not to *Willes* and *Avery*; and with the latter it is immaterial in what manner that rent is paid, whether by the acceptances of the plaintiffs, or in the legal coin of the *United States*.    In either case, the payment will enure to their benefit.    The defendants, in such case, would owe the plaintiffs the amount of the rent; and the plaintiffs would owe the defendants the amount of the two bills of exchange.    The debts would be mutual debts; and as the plaintiffs are insolvent, the statute authorises the set-off.

Such would be the effect had no assignment been made by the plaintiffs.    But they have made an assignment to *Douglass*, both of their mortgages and their demand for rent. What effect has this proceeding upon the rights of the defendants?    *Douglass* took the claims subject to all the equities existing at the time the assignment was made and perfected.    Whatever payments had been made upon the mortgages, while they remained the property of the plaintiffs, would operate as such, after the transfer to *Douglass*; and whatever right of set-off existed, at that time, would continue, notwithstanding the assignment.

Had the defendants retained possession of these bills against the plaintiffs, and not indorsed them to the bank, their right of set-off as to both claims, would have continued; and *Douglass* could recover nothing upon the contract for rent.

But before the assignment was made to *Douglass*, the defendants had indorsed their bills to the *Quinebaug Bank*, and parted with their interest in them. The plaintiffs, in consequence, ceased to be the debtors of the defendants, and became indebted to the bank. And had *Douglass*, immediately upon the assignment, given notice to the defendants of the transfer to him, the defendants would have had no debt to set off against the claims for rent.

But *Douglass*, for a period of more than two months after the assignment, omitted to give that notice; and, in the mean time, the defendants had paid and taken up from the bank, one of the bills, and of course, at the time they received notice, they were the lawful holders of the bill, and, as against the plaintiffs, were entitled to a set-off.

In order to make the assignment to *Douglass* effectual, and prevent any intervening equities, it was necessary for him to give the defendants notice of that assignment, within a reasonable time. *Van Buskirk* v. *Hartford Fire Insurance Co.* 14 *Conn. R.* 144. *Bishop* v. *Holcomb*, 10 *Conn. R.* 446.

Until that was done, the defendants had a right to treat the claim for rent as a debt still due to the plaintiffs. They might well take up the bill for five hundred dollars, which they had indorsed to the bank, and hold it, to apply on the demand against them for the rent, without taking any measures to enforce the collection against the plaintiffs.

But the other bill stands upon different ground. When the assignment to *Douglass* was perfected by the notice, that remained the property of the bank, and the defendants had no interest in it, which they could setoff, even if they had, at that time, been sued by the plaintiffs. The bank stood in the same situation, with respect to the larger bill, which the defendants did, in respect to the smaller one. Both held by indorsement from the drawers. The right of set-off was in the holder, and not in the indorser.

With respect to the presumption arising from the joint

sale of property, made by the plaintiffs and *Douglass*, the <span>New-London,<br>July, 1849.</span> law, in such case, in the absence of all other evidence, presumes that it was so made, because the vendors were Perkins *v.* Rogers. joint owners and equally interested. It is however a mere presumption, liable to be rebutted, by other evidence, showing a different interest.

We do not, therefore, discover any reason why a new trial should be granted to either party.

In this opinion the other Judges concurred.

New trial not to be granted.