*New-Haven,*
July, 1850.

Foster
*v.*
Mix.

## FOSTER *against* MIX and another.

Notice of the assignment of a debt, given by the assignee, to one only of two trustees, under an assignment by an insolvent debtor, pursuant to the act of 1828 against fraudulent conveyances, is sufficient to protect the property in the hands of such trustees *against* subsequent attachments, by the creditors of the insolvent debtor.

Therefore, where *A*, having a debt against *B*, assigned it to *C*; *B* made an assignment of his property, under the statute of 1828, to *D* and *E*, in trust for the benefit of all his creditors; after which *C* gave notice to *D* of *A's* assignment to him, *C*, but gave no such notice to *E*; *F*, a creditor of *B*, then brought foreign attachment to obtain *A's* debt against *B*, as effects of *B* in the hands of *D* and *E*, as trustees; it was held, that the notice given by *C* to *D* alone, was notice to both trustees, thereby giving effect to *A's* assignment to *C*, and that *F* could take nothing by his process.

Where it appeared, in such case, that *E* had paid over to *F* the dividend on the debt assigned to *C*; in an action against *D* and *E*, on their probate bond, it was held, that the want of notice to *C*, of the assignment, did not exonerate him from liability, as by the use of due diligence, he might have obtained from *D*, his co-trustee, the necessary information.

THIS was an action upon a bond, given by the defendants, *Caleb Mix* and *Julius Tuttle*, to the plaintiff, as judge of probate for the district of *New-Haven;* the suit being brought for the benefit of *William Townsend.*

From the condition annexed to the bond, it appeared, that *Elihu Cooper*, an insolvent debtor, had assigned certain property to the defendant, *Tuttle*, and *Edward J. Camp*, in trust for the benefit of his creditors, pursuant to the statute in such case provided; and that *Camp* had declined to accept the trust; and *Mix*, the other defendant, had been appointed thereto, by the court of probate, and had accepted the trust. The condition of the bond then was, that if *Mix* should faithfully perform the duties of such trustee, according to law, the bond was to be void, otherwise to be good and valid.

The defendants pleaded performance. The replication stated, that at the time of the assignment, *Cooper*, the insolvent debtor, was indebted to *Cooper & Rockwell*, partners in trade, in the sum of 247 dollars, 92 cents, which debt they afterwards, on the 1st day of *July*, 1846, assigned to *William Townsend*, of which assignment due notice was given to the defendants, on the 21st day of *December* following, whereby *Townsend* became the equitable creditor; that this debt was duly allowed, by the commissioners, who made their report to the court of probate, on the same day, when

the report was accepted, by the court of probate ; and that, on the 26th day of *December*, 1846, an order was made, that the trustees pay to the several creditors, a dividend of 19½ cents on the dollar ; and that it became the duty of the defendants, as trustees of the estate assigned, by the insolvent debtor, to pay to *Townsend* the dividend upon the claim allowed by the commissioners to *Cooper & Rockwell,* which they had neglected and refused to pay.

The defendants, in their first rejoinder to this replication, stated, that on the 22d day of *December,* 1846, and before the assignment to *Townsend,* or any notice to the defendants, or either of them, *James T. Mix* prayed out a writ, by process of foreign attachment, against *Cooper & Rockwell,* and caused copies to be served upon the defendants, as the agents, factors, trustees and debtors of *Cooper & Rockwell ;* and having afterwards recovered judgment against them, for the sum of 93 dollars, 33 cents, damages, and costs, he caused a legal demand to be made upon the defendants, for the dividend allowed upon the claim of *Cooper & Rockwell ;* and that, in consequence thereof, they paid over to the officer upon that execution, the sum of 49 dollars, 60 cents, being the full amount of the dividend.

In their second rejoinder, they traversed the allegations relating to the assignment of the debt to *Cooper & Rockwell,* and the notice to the defendants.

The plaintiff traversed the allegations in the first rejoinder ; and both issues were closed to the jury.

The cause was tried before the superior court, in *New-Haven,* at the *January* term, 1849 ; when the jury returned a special verdict, stating, that they found that the assignment to *Townsend* was made, and notice thereof given to *Tuttle,* one of the defendants, previous to the writ of foreign attachment ; but that there was no evidence that such notice was ever given to *Mix,* the other defendant ; and if, in the opinion of the court, it was not necessary for the plaintiff to prove such notice to *Mix,* then they found the issues for the plaintiff, and assessed the damages at 59 dollars, 2 cents ; otherwise, they found for the defendants.

The question as to the judgment to be rendered upon this verdict, was reserved for the advice of this court.

New-Haven,
July, 1850.

Foster
v.
Mix.

*C. A. Ingersoll*, for the plaintiff, contended, 1. That upon the first issue, the burden of proof was upon the defendants. They admit the allegations in the plaintiff's replication, but set up other allegations, by way of excuse, for not paying, as it was their duty to do, unless such *other allegations* set up by them, are true. They say they are true, and that they are ready to prove them. If they do not prove them, judgment must go against them.

2. That if the burden of proof was upon the plaintiff, enough is proved, to carry the case, on the first issue, for the plaintiff. The defendants admit, that the assignment was made, by *Cooper & Rockwell*, to *Townsend ;* and that they had notice of such assignment, as alleged in the plaintiff's replication. But they say, that before *they, or either* of them, had notice of such assignment, they were factorized at the suit of *James T. Mix.* The proof, as found by the jury, was, that *Tuttle*, one of the trustees, was notified *before* the foreign attachment process was served. There was no proof as to *Mix.* All the evidence in regard to him, was, his confession, in his rejoinder, that he had been notified. As the defendants tendered the issue, that *neither* of them had been notified, before the factorizing process ; and as the proof is, that *one of them* was notified before, judgment must be for the plaintiff.

3. That notice to one of the trustees, is notice to all ; they, like executors and administrators, being but one person. The act of one is the act of all ; and notice to one, is notice to all. They are like partners, in this respect. 1 *Sw. Dig.* 443. 449. *Knapp* v. *Hanford*, 7 *Conn. R.* 132. *Beecher* v. *Buckingham*, 18 *Conn. R.* 110. 1 *Williams' Ex'rs.* 590. 2 *Williams' Ex'rs.* 620. *Hammon* v. *Huntley*, 4 *Cowen*, 493. If notice to one executor is proved, and nothing more appears, it shall be presumed, that he communicated it to his co-executor. 2 *Williams*, 1118.

4. That the garnishee process in favour of *James T. Mix*, would give him no right, even if the debt had not been assigned to *Townsend*, and no notice had been given to the defendants.

The attachment was on the 22d of *December.* The order for a dividend was on the 26th of that month. There was nothing due from the trustees until then. *Stat.* 120. *Short* v. *Moore*, 10 *Verm. R.* 446.

5. That the issue found by the second rejoinder, is entirely an immaterial one. It is of no consequence, under this issue, whether notice was given to the defendants or not. An assignment of a chose in action, without notice, is good as between the parties ; and no person can complain of a want of notice, but he who has been misled, by the neglect to give notice. *Bishop* v. *Holcomb*, 10 *Conn. R.* 444.

6. That the court will render judgment in favour of the plaintiff, notwithstanding the verdict. 6 *Conn. R.* 78.

*Ingersoll*, for the defendants, contended, 1. That if the second issue is with the defendants, it must decide the whole case in their favour. This turns upon the question, whether the trustee, *Mix*, can be made liable on *his* official bond, for not paying a debt, which *William Townsend* claims by assignment, when the jury have found, that he, (*Mix*,) was never notified of any such assignment, though his co-trustee had notice. If the suit had been brought on *Tuttle's* official bond, for his (*Tuttle's*) neglect of duty, the question might have been very different. But the attempt here, is, to make *Mix* and his surety, responsible for the neglect or default of *Tuttle*. Now, though there is a *community* of interests among co-executors, administrators and trustees, yet there is no *joint interest*. Unlike the case of partners, where there is a joint interest, notice to one trustee cannot be notice to fix the liability of the other. Each is liable on his own bond, for his own default, and no further. 1 *Greenl. Ev.* 208, 9. § 176. 2 *Greenl. Ev.* 282, 3. 352. *Kip's* adm'rs. v. *Deniston*, 4 *Johns. R.* 23.

2. That that part of the second rejoinder, which says, that notice was not given to *either* of the trustees, is mere surplusage. The plaintiff alleges, and is bound to prove, notice to both ; that is, notice to *Mix*, as well as to *Tuttle*. This we deny, and close to the country. The plaintiff closes to the country also, without noticing the superfluous matter just referred to. On this issue, he will not be permitted to pass over what is material, and fasten upon what is merely superfluous. A distinct averment, which can be stricken out, without injuring the other averments, will not vitiate a pleading. *Hampshire Bank* v. *Billings*, 17 *Pick.* 87. *Lord* v. *Tyler*, 14 *Pick.* 156. *Stevens* v. *Bigelow*, 12 *Mass. R.* 434.

It would be unobjectionable, on demurrer.  1 *Chitt. Plead.*
265, 6.

3. That if the view just presented were not decisive, and
we are to look at the first issue ; the plaintiff then labours
under the same difficulty, the want of notice to *Mix*, anterior
to the suit of foreign attachment.   It is objected, however, by
the plaintiff, that the foreign attachment was brought too
soon, and before any debt was due from the trustees, within
the meaning of the statute : the jury having found, that the
writ of foreign attachment was served on the 22d of *Decem-
ber*, 1846, whereas the order of the court of probate for the
trustees to pay the creditors, was not passed till the 26th of
the same month.   The jury have, however, also found, that
the report of the commissioners on the estate of *Elihu Cooper,
finding the debt due to Cooper & Rockwell* from said estate,
made to the court of probate for the district of *New-Haven*,
was on the 21st day of *December*, 1846, *and was on the same
day accepted* by said court, which was on the day before the
service of the writ.   The debt to *Cooper & Rockwell* there-
upon became due, as soon as it was found due,—though not
payable till the 26th, when the order was to pay it.   See the
act of *June* 17th, 1846, p. 22. session 1846.   This act was
an addition to the old acts in the edition of 1838, p. 287, now
the 1st section of the last named act, authorizing the attach-
ment of debts " *due*"; and the 5th section of the same act, p.
290. (ed. 1838.) provides for the contingency, where " the
debt due to the principal is not yet *payable*"—the very dis-
tinction that we contend for here.

It should be observed, in this connexion, that the finding of
the commissioners, was of a debt, due, not to *Townsend*, but
to *Cooper & Rockwell ;* and the decree of the court of pro-
bate, sanctioned no debt due to *Townsend*.   The acceptance
of the report, and the order to pay, were of the same charac-
ter, and never recognized *Townsend* as an assignee, or as an
equitable or other creditor of the estate.

WAITE, J.   The jury in this case have found, that the debt
due from *Elihu Cooper* to *Cooper & Rockwell*, was assigned
to *Townsend*, and notice thereof given to *Tuttle*, one of the
defendants, before the service of the writ of foreign attach-
ment in favour of *James T. Mix*, was made upon the defend-

ants. The question therefore, is, whether such notice, given to one of two trustees, but not to the other, will be sufficient to protect the property in the hands of the trustees, against subsequent attachments, by the creditors of the insolvent debtor.

To make such an assignment effectual, as against such creditors, it was necessary that it should not only be made, but that notice thereof should be given to the defendants, before the attachment, or within a reasonable time after the execution of the assignment. *Bishop* v. *Holcomb*, 10 *Conn. R.* 444.

The statute regulating assignments made by insolvent debtors, for the benefit of creditors, places trustees very nearly in the same situation, as executors and administrators of insolvent estates of deceased persons. It requires very nearly the same proceedings before the court of probate, in the one case as in the other. And the powers and duties imposed upon trustees, are, in most respects, the same as those conferred upon executors and administrators.

Where there are several executors of the same will, they are considered in law as an individual person. The acts of one regarding the administration of the estate, are deemed the acts of all. Proof that assets are in the hands of one of them, will support an allegation that they are in the possession of all. One may sell and dispose of the personal property, and collect and discharge the debts due to the estate. *Knapp* v. *Hanford*, 7 *Conn. R.* 132. *Beecher* v. *Buckingham*, 18 *Conn. R.* 110. *Hammon* v. *Huntley*, 4 *Cowen*, 493.

From these acknowledged principles, it would seem to follow, that whenever the law requires notice to be given to executors, it will be sufficient to give that notice to any one of them. The presentation of a claim against the estate of the testator, to one of them, will be as effectual, as if made to each and all of them, and will prevent the operation of the statute of limitations, which bars a suit for the recovery of a debt, unless the claim is presented to the legal representatives, within a limited time. Such, it is believed, is the practical construction given to the statute. And, in our opinion, the same rule applies to notices to joint trustees of the estate of an insolvent debtor.

And this is in conformity with the doctrine recognized in

the *English* court of chancery. *Maberly*, being indebted to *New-Haven*, July, 1850. *Smith*, assigned to him, by way of security, his life interest in certain funds under his marriage settlement, and afterwards became a bankrupt. The assignee having mentioned his security to one of the trustees, before the bankruptcy occurred, the question was, whether after such notice, the fund, at the time of the bankruptcy, was in the power and disposition of the bankrupt. Lord *Lyndhurst*, in delivering the judgment of the court, observed : " It was argued that notice to one only of three trustees was insufficient—that it should have been given to each of them ; and that this not being done, the property remained in the order and disposition of the bankrupt, up to the time of the bankruptcy ; but we are of opinion, that notice to one of the three trustees, was sufficient. No valid assignment could have been made, by the bankrupt, after the notice to the trustee : a second assignee, in order to have obtained a priority over the first, must have shown, that he had exercised proper precaution in taking the assignment ; that he had applied to the trustees to know if any previous assignment had been made ; and if he had applied to each of them, he would have been informed, by one, of the previous assignment to *Smith*, and he must then have taken the property, if at all, subject to the claim of *Smith*." *Lewin on Trustees*, 506.—citing *Smith* v. *Smith*, 2 *Cr. & Mees.* 231.

Foster
v.
Mix.

This case arose under the *English* bankrupt laws ; but the reasoning of the chancellor shows, that the principle applies equally to the claims of subsequent assignees. And by our law, the same diligence is required of a subsequent attaching creditor, as is required of a subsequent purchaser.

Upon the authority of this case, *James T. Mix*, the attaching creditor, by his attachment, acquired no lien upon the property as against the assignment made to *Townsend*. For if he had enquired of *Tuttle*, he might have been informed of that assignment.

It is however said, that the present suit is upon the separate bond of *Mix*, and that he ought not to be affected, by any notice which was never communicated to him. But it was his duty, before he paid over the dividend in his hands, to the attaching creditor, to make enquiry, and ascertain whether that creditor was legally entitled to it ; or whether it belonged

*New-Haven,*
*July, 1850.*

*Foster*
*v.*
*Mix.*

to some other person. Had he consulted his co-trustee, the necessary information might have been obtained.

If the suit had been brought upon the separate bond of *Tuttle,* he would have had much more cause for complaint, as he has done no wrong, unless his omission to inform his co-trustee of the notice which had been given to him, may be considered such. The fault is in *Mix,* in paying the dividend to a person not legally entitled to it, and in withholding it from the rightful owner.

We are, therefore, of opinion, that the plaintiff is entitled to judgment upon the verdict : and so we advise the superior court.

In this opinion the other Judges concurred.

Judgment for plaintiff.