## NABBY UNDERHILL vs. EZRA MORGAN.

An absolute gift of personal property by a husband to his wife during coverture makes her the real owner of the property, at least against all but his creditors; and upon her death this title descends to her representatives.

In case of such a gift the legal title remains in the husband as a mere trustee for the wife's protection and benefit during coverture; but upon his death the legal and equitable titles unite in her, and she can recover the property from the husband's representatives by an action at law.

Where the administrator of the husband took possession of such property, and inventoried it as part of the husband's estate, it was held, that the widow could recover it by an action of assumpsit, brought against him individually, for money had and received.

ASSUMPSIT upon the common counts, tried in the superior court (*Butler, J.,*) upon the general issue closed to the court, with notice that the defendant would offer evidence that he was not otherwise connected with the matters in suit than as administrator of the estate of Simon Underhill deceased, that the property sued for was a part of said estate, and that his acts in the premises were under the direction of the court of probate, before which the estate was pending for settlement.

The court found that the plaintiff was the widow, and the defendant the administrator with the will annexed, of the estate of Simon Underhill; that the moneys for which the suit was brought were given absolutely to the plaintiff by her husband during his life time, and thereafter always treated by both as hers, and that they were in fact hers absolutely if it was in his power to make them such by gift during coverture. It was also found that the property in question had been taken into the administrator's possession; that he had refused to give it up to the plaintiff, on the ground that it was a part of the assets of the estate; and that the other assets were more than sufficient to pay all debts and legacies. The case was reserved for the advice of this court, upon a special finding embracing the above facts.

*Hawley* and *Taylor,* for the plaintiff.

1. A husband may make a valid gift of personal property to his wife during coverture. *Riley* v. *Riley*, 25 Conn., 154, 159, 160 ; *Deming* v. *Williams*, 26 id., 226.

2. This action, assumpsit for money had and received, is an appropriate remedy. The property belonged absolutely to the wife. 2 Story Eq. Jur., §§ 1389, 1390, *et seq.* The husband was at most a mere trustee with no beneficial interest, and that by no appointment, nor because of anything in the nature of the property, but by legal implication from her inability during coverture to appear in vindication of her title. See acts of 1857, p. 32. If he survived her the property on her decease would go to her administrator. *Baldwin* v. *Carter*, 17 Conn., 201, 208. And if she is the survivor, the husband's trusteeship and her legal incapacity terminating by the same event, there is no need of a new trustee, and no authority to appoint one in any court or person. The only obstacle to her appearing alone in a court of law being gone, she may sue there for this property as well as for any thing else. This action is moreover an equitable action, and lies where money has been received by the defendant, which, *ex æquo et bono*, ought to be paid over to the plaintiff. *Stanwood* v. *Stanwood*, 17 Mass., 57 ; *Phelps* v. *Phelps*, 20 Pick., 556 ; *Stratton* v. *Rastall*, per Buller, J., 2 T. R., 370. The court will not deny justice to the plaintiff upon a technical legal objection, in a case where the defendant can be deprived of no defense or advantage by sustaining the action.

*Belden* and *Brewster*, contra.

1. In law a husband's gift to his wife during coverture is not good as against his administrators. Acts of 1857, p. 32 ; *Morgan* v. *The Thames Bank*, 14 Conn., 99 ; *Edwards* v. *Sheridan*, 24 id., 165 ; *Washburn* v. *Hale*, 10 Pick., 429 ; *Rider* v. *Hulse*, 33 Barb., 264 ; *Winter* v. *Walter*, 37 Penn., S. R., 155.

2. The law of the present case can not be affected by the decisions of this court in *Smith* v. *Chapell*, 31 Conn., 589, *Deming* v. *Williams*, 26 id., 226, and cases of that class, as they were either actions upon ante-nuptial agreements or

petitions in equity. An administrator must administer on the legal assets, and to reach an equitable interest the claimant must go to a court of equity. 2 Wms. on Exrs, 1431, citing *Plunket* v. *Penson*, 2 Atk., 294.

DUTTON, J. The law regarding the rights of married women to hold personal property has undergone a great change, both by statute and the decisions of courts, since the case of *Dibble* v. *Hutton*, 1 Day, 221. In *Baldwin* v. *Carter*, 17 Conn., 201, it was held by this court that an ante-nuptial agreement will be valid after the marriage of the parties, and that if no other trustee is provided the husband will be trustee of such personal property as he has contracted to let her hold to her sole and separate use. In the same case it was decided that, if she should die first, such property would belong to her estate.

It was afterwards decided in the case of *Riley* v. *Riley*, 25 Conn., 154, that if personal property should be given by a third person to a wife during coverture to her sole and separate use, the husband would be only a trustee of such property.

The last step in the progressive advancement of this doctrine was taken in *Deming* v. *Williams*, 26 Conn., 226, in which it was decided that a husband might, during coverture, make an absolute conveyance of personal property to his wife, vesting a full equitable title in her, to hold to her sole and separate use. The same doctrine was fully sustained in *Jennings* v. *Davis*, 31 Conn., 134, and has been followed in several other cases.

There can be no doubt that, as the law now stands, such a conveyance by a husband to a wife makes her the real owner of the property, at least against all but the creditors of the husband, and that on her death her representatives are the real owners of it. In *Baldwin* v. *Carter* Williams, Ch. J., says that her representatives will be the legal claimants. In *Jennings* v. *Davis* the court held that between the administrator of the husband and the administrator of the wife the latter would take such property. In the present case the

court below found that the moneys &c., for which this suit was brought, were an absolute gift from her husband, the deceased, to the plaintiff, and were hers absolutely if it was in his power to make them such by an absolute gift during coverture. The cases which have been cited show conclusively that the real ownership of them was in the plaintiff.

The only serious doubt in the case arises from the technical objection that the plaintiff can not recover the money from the administrator of her husband, who had taken it from her claiming that it belonged to the estate of which he was administrator, in an action of assumpsit. This point did not arise in any of the preceding cases. *Baldwin* v. *Carter* and *Deming* v. *Williams* were petitions in equity, *Riley* v. *Riley* was an appeal from commissioners, and *Jennings* v. *Davis* was an amicable suit.

The question then is, does such a title vest in the wife, where an absolute gift in form is made by a husband to a wife during coverture, that after the death of the husband she can maintain an action at law for the property.

We have come to the conclusion that she has such a title. During the coverture the legal title necessarily remains in him, as the wife can not take it. He is however a mere trustee. The law requires him to hold the legal title for her protection and benefit. But as soon as he is dead her incapacity ceases. There is no further need of a trustee. The transfer by the law of the legal title to the representative of the husband would only create confusion and embarrassment in the settlement of his estate. The property as we have seen would not belong to his estate and ought not to be inventoried. In such a state of things as existed in *Jennings* v. *Davis*, such a transfer might require that the administrator of the wife should bring suits in the name of the administrator of the husband. A reasonable construction of the law regarding the settlement of estates demands the application of a different rule. The policy of that law requires that the administrator of the husband should not be regarded as the trustee of the wife, and that the wife should be invested with the legal title as well as the right of possession.

So far as this case is concerned another view of it may be taken. If the administrator of the husband has the legal title he holds it as a mere trustee for the widow. She would be entitled at once to a transfer of the legal title to herself.

As no particular formality is necessary to transfer personal property, it might be presumed to have been made, especially where, as is found in this case, she had the possession until she was deprived of it.

These views of the questions involved are supported by the doctrine that the action for money had and received is based on principles of equity. It is just and right that the plaintiff should recover this money, to which no one has any real claim but herself, and which has been for no legal purpose which we can recognize taken from her by the defendant.

We advise judgment for the plaintiff.

In this opinion the other judges concurred.