EDWARD J. DARCY, TRUSTEE, vs. CORNELIUS RYAN AND ANOTHER.

It is settled in this state that in the absence of fraud and where creditors are not prejudiced a man may make a valid transfer of personal property to his wife.

Such transfers operate to vest an equitable title in the wife, whereby she becomes the real owner, leaving the legal title in the husband as trustee.

Darcy v. Ryan.

A woman was married in 1871, and lent to her husband $350, which he used in his business from that time till 1876, when, on leaving for Ireland, he executed to her a bill of sale of most of his personal property, of which she took possession. A part of the property was soon after attached by a creditor of the husband. No fraud was shown in the transaction, nor that existing creditors were injured, nor that there was any intent to defraud subsequent creditors, nor that the debt on which the property was attached was due at the time of the transfer. Held that the money lent by the wife to the husband, together with his obligation to provide for her support, constituted a meritorious consideration, and that the bill of sale vested an equitable title to the property in the wife, which was good against the attaching creditor.

REPLEVIN for a horse and wagon; brought to the Court of Common Pleas for Hartford County, and tried to the court before *McManus, J.* Facts found and judgment rendered for the defendants, and motion in error by the plaintiff. The case is fully stated in the opinion.

*C. J. Cole* and *R. McCloud,* for the plaintiff.

*F. Eberle,* for the defendants.

CARPENTER, J. In May, 1871, the plaintiff with small means commenced keeping a saloon. In July following he married Ann Darcy, who had between three and four hundred dollars, which she allowed him to use in his business without any agreement or understanding as to terms. In 1874 he commenced the grocery business, investing in that the avails of his saloon business, and carried it on in his own name. On the 12th day of July, 1876, his health failing, and being desirous of going to Ireland, he executed and delivered to his wife a bill of sale of all or nearly all his visible property, including the property in controversy. On the 6th day of October following the defendants attached the property to secure a debt of the defendant Ryan, and the plaintiff replevied it.

On the trial in the Court of Common Pleas the plaintiff claimed, first, that the horse and wagon, the property attached, were at the time of the purchase the property of the wife; and secondly, that by the bill of sale the title of Darcy, if any, was transferred to the wife, and that thereafter, if not before, he held the same as trustee for her, and that the bill

of sale would operate as a declaration of trust in favor of the wife; and asked the court so to rule. The court declined so to rule and rendered judgment for the defendants. By a motion in error the cause is brought before this court.

We pass by the first claim of the plaintiff without deciding it, and confine our remarks to the bill of sale.

It seems to be settled in this state that, in the absence of fraud, and where creditors are not prejudiced, a man may transfer personal property to his wife; and such transfers will be upheld by the courts. They operate to vest an equitable title in the wife, whereby she becomes the real owner, leaving the legal title in the husband as trustee. *Riley* v. *Riley*, 25 Conn., 154; *Deming* v. *Williams*, 26 Conn., 226; *Underhill* v. *Morgan*, 33 Conn., 105.

We are unable to see why these authorities do not abundantly support the plaintiff's claim. The money which the plaintiff received from his wife, together with his obligation to provide for her support, constitutes a meritorious consideration. The bill of sale is not attacked for fraud, and it does not appear that existing creditors were thereby prejudiced. Neither does it appear that there was any intention to defraud subsequent creditors. The defendant's claim on which the suit was brought was for rent. It does not appear that it was due when the bill of sale was executed, and we presume that it was not. In any event there seems to be no ground on which a claim of fraud, actual or constructive, can be made, and we must presume that the transaction was bonâ-fide. Viewed in that light we think that the bill of sale vested the real title in the wife, the husband as trustee retaining the legal title, and that judgment should have been rendered for the plaintiff.

The judgment must be reversed.

In this opinion the other judges concurred.