GEORGE B. BARROWS, Assignee, *vs*. SAMUEL D. KEENE.

A. received money from his wife's separate estate, expended it for household purposes, and, according to promise, repaid it by giving to her a pair of diamond ear-rings.

*Held*, that the assignee of A., under an assignment for the benefit of creditors, was not entitled to the ear-rings.

*Held*, further, that the assignee could not maintain trover against A. for the ear-rings by merely proving demand and refusal. After the ear-rings had been given to the wife, A. was trustee of them for her, and at most a naked legal title passed to the assignee, not available for creditors.

*Held,* further, that in the circumstances there was no presumption that the possession of the wife was that of the husband.

How evidence should be reported to the court on a petition for a new trial.

DEFENDANT'S petition for a new trial.

*March* 5, 1887.  DURFEE, C. J.  This is a petition by the defendant for a new trial on account of erroneous instructions.  The petition is imperfectly drawn, since it contains no statement of the evidence, or of the purport of the evidence, upon the points under question, but simply reports a part of the charge of the court, and the requests to charge, with exceptions to said parts of the charge and to refusals to charge as requested.  Of course we do not mean that the petitioner ought to have reported the testimony in full, for such a report might unnecessarily cumber the files of the court, and might be censurable for another reason, namely, that it might oblige the court to go through a great heap of testimony, much of it irrelevant, to find and sort out that which is pertinent.  This is a labor which properly belongs to the petitioner's counsel.  A petition like this ought to state the testimony or its purport with such fulness as will show the nature of the case, and bring out clearly the points on which the rulings were given or refused, so that the court can see whether any error was committed which calls for correction.  Fortunately for the defendant, this is a petition for the new trial of an action originally tried in this court, and in such a case the court has a wider discretion than in a case which comes before it by bill of exceptions.  Fortunately, too, it is possible to make out from the part of the charge before us, though not so perfectly as we could wish, the nature of the evidence on which the instructions were given and refused.

The plaintiff, as assignee of the defendant under an assignment for the benefit of creditors, sues the defendant in trover for the conversion of certain chattels claimed under the assignment, among them a pair of diamond ear-rings.  The defence is that the ear-rings are the separate property of the defendant's wife, and in support of this defence it is assumed, if not stated in the charge, that testimony was submitted that they came to her in manner following, to wit, that she lent to her husband from time to time divers sums of money, which were her separate property, for payment of household expenses, or laid out her money for

such expenses, upon his promise that he would, when he was able, bring her in repayment some diamonds, she being very desirous of some, and that the ear-rings were bought by the defendant and delivered to her in fulfilment of this promise, for the purpose of repaying her loans. Upon this testimony the court charged the jury that the defendant was incapable of contracting with his wife or of transferring title to her, and consequently that the ear-rings remained his property, notwithstanding their delivery, and as such passed under the assignment so that the plaintiff, as assignee, was entitled to demand and receive them. To this ruling the defendant excepted.

The question is whether, if a married woman has or acquires money which is her own, and lends it to her husband upon his promise to repay it in diamonds or any other chattel, and he does so repay it by direct delivery, she gets any title which will avail against his assignee under a subsequent assignment for the benefit of his creditors, good ·faith in the transaction being, of course, assumed. In *Steadman & Co.* v. *Wilbur et ux.* 7 R. I. 481, this court held that where a married woman, having property of her own under the statute, lends her own money to her husband on his promise to repay it, he can convey real estate to her through a third person by way of repayment if the estate is no more than a fair equivalent for her loan, and the conveyance will be good at law as against his creditors. And to the same effect see *Atlantic National Bank* v. *Tavener,* 130 Mass. 407. The case differs from the case at bar only in this, that there the property used as payment was transferred from husband to wife through the medium of a third person. The question, then, is whether the intervention of such third person is necessary to make the transfer effectual in a suit at law; for it is well settled that a transfer of property, real or personal, from husband to wife, without such intervention, is good in equity, even when the transfer is a gift, if reasonable, unless it be a fraud upon creditors, and *a fortiori* when it is payment for money lent. *Jones* v. *Clifton,* 101 U. S. 225; *Putnam* v. *Bicknell,* 18 Wisc. 351; *Deming* v. *Williams,* 26 Conn. 226; *Underhill* v. *Morgan,* 33 Conn. 105; *Wheeler* v. *Wheeler,* 43 Conn. 503; *Hunt* v. *Johnson,* 44 N. Y. 27 ; 2 Story Eq. Juris. § 1375. In *Underhill* v. *Morgan, supra,* the action

was *assumpsit* by a widow against the administrator of her deceased husband for money absolutely given to the plaintiff by her husband in his lifetime. The court held that in case of such a gift the legal title remains in the husband as a mere trustee for the wife's protection and benefit during coverture; but upon his death the legal and equitable titles unite in her, and she can recover against his representatives at law. In Massachusetts, where the gift is regarded as revocable by the husband, it is held that, if retained by the wife until after his death, her right will prevail as against his next of kin. *McCluskey* v. *Provident Institution for Savings*, 103 Mass. 300; *Marshall* v. *Jaquith*, 134 Mass. 138.

In *Savage* v. *O'Neil*, 44 N. Y. 298, the husband transferred and delivered a stock of goods directly to his wife in payment for money borrowed from her separate statutory estate, and the court decided that the wife held the goods so transferred by a strictly legal title, good against her husband and all his creditors. This *decision* has been followed, or virtually followed, in later cases in New York. *Rawson* v. *Pennsylvania R. R. Co.* 48 N. Y. 212, 216; *Seymour* v. *Fellows*, 77 N. Y. 178. In *Armitage* v. *Mace*, 48 N. Y. Superior Ct. Rep. 107, the court says, p. 109: " The tendency of the later decisions has been to hold that the effect of the statutes has been, if not to convert the wife's equitable title into a legal one, at least to clothe it with all the incidents of a legal title." By " equitable title " here the court means the title communicated by direct transfer from husband to wife by way of gift or payment. The case related to the gift of a horse from husband to wife. See, also, *Beard* v. *Dedolph*, 29 Wisc. 136.

According to these cases, taking the view most favorable for the plaintiff, the defendant's wife became at least the equitable owner of the ear-rings by the delivery of them to her, if they were delivered as payment in good faith for money lent, a naked legal title only remaining in the defendant. Now suppose that this naked legal title passed to the plaintiff, how does it follow that he has a right to demand and receive the ear-rings from the defendant who has no possession, and who, having parted with whatever title he had, has no longer any right to dominion over

them? We think that under the circumstances there is no presumption that the possession of the wife is the possession of the husband, and that something more than a demand and refusal is necessary to prove conversion. It is well settled, however, that property held in trust by the assignor will not pass under his general assignment for the benefit of creditors, without special words to pass it, since, if it were to pass, the trust would still attach, so that it could not be rightfully used for the creditors, and the law will not presume that the trustee intended a breach of trust. 1 Perry on Trusts, §§ 336, 345. For the same reason, when equity makes the husband trustee for his wife's property which he has transferred to her, the assignment should be construed not to pass it, unless the trust is a fraud upon the creditors.

The second exception is, because the court refused to instruct the jury that if the ear-rings were on the person of the defendant's wife at the time he refused to deliver them to the plaintiff on demand, trover could not lie for the refusal, but did instruct the jury that to excuse the defendant there should be at least some evidence of attempt on his part to get the ear-rings, some intimation that he was unable to deliver them, or something to satisfy the jury that they were so out of his control that he could not comply with the demand. Doubtless, if the ear-rings belonged to the defendant absolutely when he made the assignment, the presumption was that his wife's possession was his possession so long as they lived together, and in that case it would have been the duty of the jury to find him guilty if he refused to deliver the ear-rings on demand, unless he adduced evidence to show that they were retained by the wife without his concurrence. The instruction, however, was broadly given so that it would apply not only to such a case, but to the case which we have been considering, and, as applied to the case which we have been considering, was, in the view which we have taken, erroneous.

*Petition granted.*

*John D. Thurston*, for plaintiff.
*Charles A. Wilson & Thomas A. Jenckes*, for defendant.