. HENRY CIEZYNSKI *vs.* THE NEW BRITAIN TRANS-PORATION COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 4th, 1935—decided January 8th, 1936.

*George H. Hamlin,* with whom, on the brief, was *Edward A. Mag,* for the appellants (defendants).

*M. F. Stempien,* for the appellee (plaintiff).

HAINES, J.   A judgment in favor of Louis W. Vogel was obtained against the named defendant and its insurer, the Hartford Accident & Indemnity Company, on April 20th, 1934, for $125 and costs, and "shortly

before" 5 p. m. the same day, Vogel executed an assignment of the judgment to Ethel L. Johnson as trustee. The assignee sent a copy of the assignment by messenger, to the office of the Transportation Company, but finding it closed, he went to the home of the president of that company and at 5.05 p. m. delivered the copy to the wife of the president. At 5.10 p. m. the attorney and agent of the assignee, called the office of the Transportation Company and informed the wife of the president when she answered the telephone, of the fact of the assignment. At 5.20 p. m. the assignee also mailed a letter, notifying the Accident & Indemnity Company of the assignment and enclosing a copy of the assignment, to the attorney who represented both these defendants. This was received by the attorney about 8.30 a. m. on the following morning, April 21st. There was no evidence as to when that letter was opened by him. At 5.20 p. m. on April 20th, the Transportation Company was served with process of foreign attachment in an action by this plaintiff against Vogel to the value of $100, and at 9.30 a. m. on April 21st, the Accident & Indemnity Company was served with the same process. The judgment in the case of the plaintiff against Vogel was for $81.42 plus costs amounting to $18.18, making $99.60. Execution for that sum was taken out and levied on these defendants but both refused payment and the present action followed.

The trial court found that these defendants at the time of the garnishment and at the time of the execution, were indebted to Vogel for an amount in excess of the plaintiff's claim of $112.72. It concluded that the letter to the attorney "was not opened." This conclusion, however, is hardly warranted by the finding which is that there was no evidence on that point. It does appear, however, from Exhibit B, which is a

copy of the letter, that it bears the notation over the signature of the attorney, "Received April 21, 1934." The trial court held that none of these attempted notifications constituted a "formal" notice of the assignment and that the fund was not protected in the hands of the debtor from the claims of creditors of the assignor because such notice was not given before the attachment, and that judgment should be given for the plaintiff. Both these conclusions are attacked upon this appeal.

The general rule as to notice necessary to perfect an assignment of a chose in action, was stated in an early and leading case as follows: "In conformity with the principles heretofore recognized in this State, and established in England as settled law, in order to perfect an assignment of a chose in action, at least as against bona fide creditors and purchasers, notice of such assignment must be given to the debtor within reasonable time. Until such notice is given, the debt remains in the order and disposition of the assignor; and third persons, who may become interested in it, have no means of becoming informed of its state and situation. The want of precaution of giving such reasonable notice is a neglect, on the part of the assignee, which will postpone his claims to all the rights and equities of the debtor himself, and to the subsequently acquired bona fide rights of creditors and purchasers." *Bishop* v. *Holcomb,* 10 Conn. 444, 446, citing 1 Swift's Digest, p. 437; *Adams* v. *Leavens,* 20 Conn. 73, 80; *Foster* v. *Mix,* 20 Conn. 395, 400; *Fanton* v. *Fairfield County Bank,* 23 Conn. 485, 493. This, however, is not decisive of the present case. *Vanbuskirk* v. *Hartford Fire Ins. Co.,* 14 Conn. 140, 144; *Adams* v. *Willimantic Linen Co.,* 46 Conn. 320.

In the present case there can be no question but that the assignee acted with reasonable promptness since

the messenger with the notice reached the debtor's office and then the home of the president within a little more than five minutes after the assignment had been made, and the assignee's attorney telephoned notice of the assignment to that office within about ten minutes after the assignment was made. In order to make this attempt to give notice an effectual one, however, it was necessary for the assignee to see to it that some proper officer of the Transportation Company actually received the information. The requirement of notice in cases of this character imports a notice given by some person entitled to give it to some person entitled to receive it. *Potwine's Appeal,* 31 Conn. 381, 384. To establish notice by telephone, the party relying upon such notice has the burden of proving the identity of the person receiving the communication and that it reached the party sought to be charged. *Second Pool Coal Co.* v. *People's Coal Co.,* 188 Fed. 892, 893, 110 C. C. A. 526. It was not sufficient to show merely that the assignee was diligent and sent out notices promptly by letter, messenger and telephone.

Where a written notice of an assignment of a chose in action was mailed in New York to the debtor in Connecticut, nine days before an attachment was served upon the debtor, it was claimed nevertheless that having given the notice by regular course of mail, it should be deemed the equivalent of actual notice to the debtor. But it was held that while that rule is applicable in certain commercial transactions it can have no application to the assignment of a chose in action, and that it is indispensable that the debtor shall be shown to have had the notice in fact. *Judah* v. *Judd,* 5 Day, 534, 538. There is no finding that the president or any other authorized officer of the Transportation Company, did receive this notice, or if so, when. There is no finding that the wife of the presi-

dent, who received the letter from the messenger and the telephone communication from the attorney, was authorized to act for the company or its officer, or that she did in fact communicate the information to any such officer. However we may estimate the probability that the president was actually informed by her, either before the garnishment at 5.20 p. m. or thereafter, it remains a question of fact, and we may not speculate upon the answer. The defendants having alleged that the notice was given to them, the burden was upon them to establish the fact, and this they failed to do.

But the defendants further claim, on the authority of *Travelers Ins. Co.* v. *Mayo,* 103 Conn. 341, 130 Atl. 379, that even if the garnishment preceded the receipt of notice of the assignment, yet this plaintiff cannot prevail since it is not shown that he was misled by the lack of that notice or had some other superior equity. As between the assignor and the assignee, there being nothing to show bad faith, the assignment was valid. It vested the beneficial interest in the judgment in the assignee, and it not being found that the assignment was completed by the requisite notice, the bare legal title remained in the assignor. This was held by him in the nature of a trust for the benefit of the assignee. There is no claim of fraud in connection with the assignment, and it is not shown that it worked any prejudice to a creditor of the assignor at the time it was made. "In the absence of fraud, and where creditors are not prejudiced, a man may transfer personal property to his wife; and such transfers will be upheld by the courts. They operate to vest an equitable title in the wife, whereby she becomes the real owner, leaving the legal title in the husband as trustee." *Darcy* v. *Ryan,* 44 Conn. 518, 520; *Riley* v.

*Riley*, 25 Conn. 154; *Deming* v. *Williams*, 26 Conn. 226; *Underhill* v. *Morgan*, 33 Conn. 105.

In *Travelers Ins. Co.* v. *Mayo*, supra, we stated that the fact that the assignee was not the wife of the assignor "does not detract from the force of the reasoning" in those cases, and added: "In the absence of fraud an attaching creditor takes only such title as the debtor had at the time, unless he has been misled by an apparent ownership of the property attached of the debtor, and has given credit on the faith of such ownership;" or, we may add, unless he has some other superior equity. *Waterman* v. *Buckingham*, 79 Conn. 286, 64 Atl. 212; *Shaw* v. *Jackson*, 92 Conn. 345, 102 Atl. 736; *Fosdick* v. *Roberson*, 91 Conn. 571, 100 Atl. 1059.

In the *Travelers Ins. Co.* case, it was held that even though the garnishment was levied before the receipt of notice by the debtor, yet the attaching creditor could not prevail unless he could show that he had some superior equity. Such an equity might appear upon proof of fraud in the assignment, or that the creditor had given the assignor credit or been otherwise misled because of the apparent ownership of the debt; or by some other circumstances which gave rise to a superior equity in the creditor's favor. We deem the rule thus defined to be, on the whole, a more equitable one than that stated in *Bishop* v. *Holcomb*, supra, and the cases which followed it, and to that extent they are overruled.

There is no evidence in the record before us, nor any reason to infer, that this plaintiff creditor of the assignor, was misled in any way by the fact that the assignor was the apparent owner of a judgment against the Transportation Company; nor does it in any way appear that the plaintiff gave credit to the assignor on the strength of this judgment in his favor or that he,

the plaintiff, had any equity superior to that of the assignee. Under these circumstances, since the assignor at the time of the attachment only held the bare legal title to this judgment, the garnishee process served upon the Transportation Company gave this plaintiff no rights to the beneficial interest in the judgment, that interest being wholly vested in the assignee.

There is error; the judgment is set aside and the case remanded to the City Court of New Britain with direction to enter judgment for the defendants.

In this opinion the other judges concurred.