## COLONIAL TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 180.

Circuit Court of Appeals, Second Circuit.

May 6, 1940.

William J. Larkin, Jr., and Maurice T. Healey, Jr., both of Waterbury, Conn. (Alfred C. Frodel, of Old Greenwich, Conn., of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Newton K. Fox, Sp. Assts. to Atty. Gen., for the Commissioner of Internal Revenue, respondent.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On November 3, 1930, the testator Thomas I. Walker, and his wife Marion A. Walker, executed a trust instrument transferring to the Colonial Trust Company certain stock and bonds stated therein to be transferred by each grantor with power to hold, manage, sell, invest and reinvest the corpus. The instrument recited that the grantors desired to create the trust "in order that they may be assured of a certain income during their joint lives and the life of the survivor of them". It provided that the trustee should pay the net income to the grantors during their joint lives, that upon the death of either should pay the income to the survivor, and upon the death of both should distribute the principal to their two sons. If either son should die before the termination of the trust, the trustee should pay the principal to his issue, or if he leaves no issue to the other, or to the latter's issue. Finally the instrument of trust contained the following provision of revocation: "This trust agreement may be terminated by either party, during the lifetime of both Grantors or the survivor of them, upon thirty days notice, in writing, to that effect, and if so terminated the Trust Company agrees to pay over and deliver to the Grantors or to the surviving Grantor all property held by it under this agreement."

At the time of the execution of the trust deed the aggregate fair market value of the securities transferred and assigned by the decedent and his wife was $228,067.20 and $26,673.75 respectively.

The trustee made no effort to segregate the corpus of the trust according to the contributions made by each grantor. Neither did it make any effort to segregate the proceeds of the sale of corpus, or securities acquired with the proceeds of sale. Other than that certificates of three blocks of stock were in the name of the decedent, the records of the trustee do not show the securities contributed to the trust by each of the grantors. The securities transferred were listed in the account kept by the trustee. Entries were made in the account from time to time to record sales, reinvestments, and additions of securities and cash to the trust.

The trust was in full force and effect from the time of its creation until the death of Thomas I. Walker on August 2, 1934. During that period the trustee made monthly distributions of income of the trust by checks drawn to the order of Thomas I. Walker except that the last check issued in July 1934 was drawn to the order of Marion A. Walker. The trustee issued the checks in favor of the decedent at the request of one or both of the grantors. Without such a request the checks would have been drawn to the order of Thomas I. Walker and Marion A. Walker or separate checks would have been issued. All of the checks were deposited in a checking account opened on July 24, 1930, in the name of "Thomas I. Walker and/or Marion A. Walker, survivor". The records of the trustee were kept on the theory that each grantor had a 50 per cent interest in the trust.

In the estate tax return filed by the executor of Thomas I. Walker the assets were reported at a value of $192,181.98, one-half of which is included in the decedent's gross estate. In his determination of the deficiency the Commissioner reduced the value of the assets to $191,786.93 (which is agreed upon by the parties hereto as the fair market value of the corpus of the trust at the time of the decedent's death) included 89.53 per cent thereof, or $171,706.84, in the decedent's gross estate as the value of the decedent's interest in the trust and accordingly assessed a deficiency in the petitioner's estate tax. The Board of Tax Appeals sustained the Commissioner and determined a deficiency of $6,496.47. The executor of the will of Thomas I. Walker has appealed to this court from the order of the Board. We think its decision was right and should be affirmed.

The question before us is whether, as the Board held, 89.53 per cent of the value of the trust corpus is subject to the estate tax, or whether only 50 per cent is subject, as the taxpayer contends.

The executor argues that the decedent made a gift to his wife of such portion of his own contributions to the trust as would with the securities she herself transferred amount to 50 per cent of the aggregate corpus. This contention seems to be based on a supposed inference arising from the way the trustee kept its books. But there is nothing in the trust indenture indicating that the husband and wife had equal beneficial interests in the corpus or that the husband made a gift of any part of his own contributions to her. Upon the termination of the trust the remainder interests were to pass to the two sons of the settlors or their issue. Neither of the settlors had any rights in the corpus except in the event of a revocation under the reserved power.

Even if the beneficial interest of the wife was equal to that of her husband, it was only equal in respect to payments of income, and the power to revoke which the two spouses retained necessitated the decision of the Board that 89.53 per cent of the corpus should be brought into the husband's estate upon his death.

Section 302 of the Revenue Act of 1926, 26 U.S.C.A.Int.Rev.Acts, page 228, definitely requires inclusion of the value at the time of a decedent's death of property: "(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *"

■ The 89.53 per cent of the securities constituting the corpus of the trust certainly represented an interest therein "of which the decedent has * * * made a transfer, by trust or otherwise", and "the enjoyment thereof was subject at the date of his death to * * * change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke * * *". We think that the exercise of the power would have resulted in revesting 89.53 per cent of the corpus in him because that 89.53 per cent was an interest of which he had one time "made a transfer", and there is nothing to indicate that the contingent reversions payable upon the exercise of the power of revocation would not be in proportion to the respective contributions. Where, as here, the contributions were unequal it is a reasonable inference that the interests which would revest upon the exercise of the power would be in proportion to the respective contributions. Adams v. Leavens, 20 Conn. 73; In re McConnell, D.C., 197 F. 438, 441; Lowell v. Lowell, 185 Iowa 508, 170 N.W. 811.

■ Even if we are wrong, and Thomas I. Walker would have received only 50 per cent of the corpus of the trust through a revocation, pursuant to the exercise of the power, nevertheless the 89.53 per cent interest would have had to be included in his estate, for the power to revoke residing in himself and his wife gave them a control over the corpus and a capacity to shift the economic benefit from the remaindermen to others which rendered the property taxable. The incidence of 302 (d) is not limited to interests inhering in decedent at the time of his death, for though it be assumed that the exercise of the power of revocation would not result in revesting in the decedent the full interest which he had transferred, application of 302 (d) is not dependent upon the grantor's power to revest the property in himself, but merely upon his reserved power to revoke, either alone, or in conjunction with another. Porter v. Commissioner, 288 U.S. 436, 443, 53 S.Ct. 451, 77 L.Ed. 880.

■ It seems unnecessary to discuss the contention of the taxpayer that the corpus of the trust was held by the husband and wife as tenants in common. Indeed, we cannot understand how such a relation could exist where the property was all placed in trust. In view of the trust, it seems equally difficult to spell out a tenancy by the entirety which would render Section 302 (e) of the Revenue Act applicable as is argued on behalf of the Commissioner. But the case falls directly within the terms of Section 302 (d) so that the estate tax was properly fixed by the Commissioner and the Board.

Order affirmed.