**GREAT AMERICAN AUDIO CORPORATION,**
**Plaintiff–Appellant–Cross–Appellee,**

v.

**METACOM, INC.,**
**Defendant–Appellee–Cross–Appellant.**

**Nos. 1801, 1868, Dockets**
**91–7446, 91–7516.**

United States Court of Appeals,
Second Circuit.

Argued June 19, 1991.

Decided June 28, 1991.

Lawrence G. Kurland, New York City (Michael G. Biggers, Nora S. Hirschberger, Bryan, Cave, McPheeters & McRoberts, on the brief), for plaintiff-appellant-cross-appellee.

Jerome B. Pederson, Minneapolis, Minn. (Laurie J. Miller, Fredrikson & Byron, Minneapolis, Minn., Louis J. Maione, Salon, Marrow & Dyckman, New York City, on the brief), for defendant-appellee-cross-appellant.

Before MESKILL, KEARSE and McLAUGHLIN, Circuit Judges.

PER CURIAM:

Plaintiff Great American Audio Corporation ("GAAC") appeals from a May 7, 1991 decision of the United States District Court for the Southern District of New York, Thomas P. Griesa, Judge, denying its request for an injunction against defendant Metacom, Inc. ("Metacom"), under the Lanham Act, 15 U.S.C. § 1125(a) (1988), in connection with the marketing by each party of a toy bus containing audio cassettes. Metacom cross-appeals, seeking to challenge findings of the district court that the trade dress used by GAAC had secondary meaning and that the trade dress used by Metacom was confusingly similar. For the reasons below, we dismiss the cross-appeal; as to the appeal, we affirm in part and dismiss in part.

Since 1989, GAAC has successfully marketed a line of children's audio cassettes packaged in wooden toys. All of the toys in this line, including a truck, a cradle, and a crib, are designed to fit four cassettes into an opening at the top of the toy. In August 1990, it began to market a bus with similar design. At a January 1991 trade show, Metacom introduced its own prototype of a toy bus containing audio cassettes. Metacom's prototype was similar in size to GAAC's products, and it too had a top opening holding four cassettes.

GAAC brought the present action claiming that Metacom had infringed upon GAAC's "unique" and "distinctive" trade dress and that Metacom's trade dress was confusingly similar, and seeking preliminary and permanent injunctive relief as well as damages under § 43 of the Lanham Act, 15 U.S.C. § 1125(a), and N.Y.Gen. Bus.Law § 349 (McKinney 1988). Following GAAC's motion for a preliminary injunction, the district court held a hearing

which was converted, with the consent of the parties, into a trial on the merits of GAAC's request for permanent injunctive relief.

At the completion of the hearing, the court denied injunctive relief. Because by that stage GAAC had conceded that the only arguably infringing trade dress feature of Metacom's bus was its top-loading design, the district court considered only whether that feature infringed upon GAAC's trade dress. Though the court found that GAAC's trade dress had acquired secondary meaning and that consumers were likely to be confused by Metacom's similar product, it declined to order injunctive relief principally because it found that the top-loading design of GAAC's products was functional and therefore was not protected by the Lanham Act. Judge Griesa signed the transcript of his decision which was then entered in the district court docket; no separate order was filed as envisioned by Fed.R.Civ.P. 58, and no final judgment has been entered.

GAAC has appealed from the denial of preliminary and permanent injunctive relief. Metacom has cross-appealed, challenging the findings of secondary meaning and likelihood of confusion. Notwithstanding the lack of an order or judgment meeting the requirements of Rule 58, we construe the May 7, 1991 decision, as reflected in the transcript, as such an order, *see Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385–88, 98 S.Ct. 1117, 1120–22, 55 L.Ed.2d 357 (1978) (per curiam), and we (a) affirm that order to the extent that it denied a preliminary injunction, (b) dismiss so much of the appeal as purports to challenge the denial of permanent relief, and (c) dismiss Metacom's cross-appeal. We find the procedural issues raised by the appeal and cross-appeal more complex than the substantive questions, and we write principally to clarify the procedural matters.

█ Though the parties have argued that the May 7, 1991 decision of the district court was a final decision denying a permanent injunction, and the district court had indeed exercised its discretion under Fed.R. Civ.P. 65(a)(2) to consolidate the hearing on the merits with the hearing of the motion for a preliminary injunction, no final judgment was entered, and GAAC's claims for damages remain to be adjudicated. Since fewer than all of the claims in the action have been adjudicated and the court did not direct the entry of a final judgment pursuant to Fed.R.Civ.P. 54(b), the order of the district court was not appealable under 28 U.S.C. § 1291 (1988) as a final judgment. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899–900, 100 L.Ed. 1297 (1956); *Lemelson v. Ideal Toy Corp.*, 408 F.2d 860, 862 n. 1 (2d Cir.1969). Nor was the court required to enter an immediate final judgment pursuant to Rule 54(b), in light of the established federal policy against piecemeal appeals, which dictates that the court's power to enter a final judgment before the entire case is concluded be exercised sparingly and only when the interests of justice require that such a judgment not be delayed. *See, e.g., Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464–65, 64 L.Ed.2d 1 (1980); *Sears, Roebuck & Co v. Mackey*, 351 U.S. at 438; *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). Accordingly, this Court lacks jurisdiction to hear GAAC's challenge to the May 7, 1991 decision as a final order denying a permanent injunction. Nonetheless, since the district court's decision also denied GAAC's request for a preliminary injunction, we have jurisdiction to entertain GAAC's appeal from the denial of that relief under 28 U.S.C. § 1292(a)(1) (1988).

█ The ultimate question on appellate review of a district court's denial of a preliminary injunction is whether or not the court abused its discretion. *See, e.g., Coca–Cola Co. v. Tropicana Products, Inc.*, 690 F.2d 312, 315 (2d Cir.1982); *Gillespie & Co. v. Weyerhaeuser Co.*, 533 F.2d 51, 53 (2d Cir.1976) (per curiam). *See also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931–32, 95 S.Ct. 2561, 2567–68, 45 L.Ed.2d 648 (1975). We find no abuse of discretion here. We have considered all of GAAC's challenges to the decision of the district

court, and have found them to be without merit.

As to the cross-appeal of Metacom, we dismiss for lack of jurisdiction because even to the extent that the May 7, 1991 order is characterizable as an order that is appealable, it is not an order that is appealable by Metacom. In order to have standing to appeal, a party must be aggrieved by the judicial action from which it appeals. *See Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980); *Association Against Discrimination in Employment v. City of Bridgeport*, 710 F.2d 69, 73 (2d Cir.1983). The May 7, 1991 order of the district court denied relief against Metacom. Thus, although Metacom is entitled to urge that we affirm the district court's decision on any basis submitted to that court and supported by the record, including the basis that the court should have made findings favorable to it, Metacom is not entitled to cross-appeal.

Accordingly, to the extent that the May 7, 1991 order of the district court denied GAAC preliminary injunctive relief, it is affirmed. In all other respects, the appeal and the cross-appeal are dismissed for lack of appellate jurisdiction.

Costs to Metacom on the appeal; costs to GAAC on the cross-appeal.