**ALLSTATE INSURANCE CO., Plaintiff–Appellee, Cross–Appellant,**

v.

**A.A. McNAMARA & SONS, INC., and Arthur McNamara, Defendants–Appellants, Cross–Appellees.**

**Nos. 763, 1150, Dockets 92–7851, 92–9223.**

United States Court of Appeals, Second Circuit.

Argued March 22, 1993.

Decided Aug. 3, 1993.

Peter A. Treffers, New Haven, CT, for appellants.

Daniel F. Sullivan, Hartford, CT (John E. Tener, Charles D. Gill, Robinson & Cole, Hartford, CT, of counsel), for appellees.

Before: MESKILL and PRATT, Circuit Judges, and POLLACK,* District Judge.

MESKILL, Circuit Judge:

This is an appeal and cross-appeal from a declaratory judgment of the United States District Court for the District of Connecticut, Eginton, J., dated June 22, 1992, entered in favor of plaintiff-appellee Allstate Insurance Company (Allstate) and against defendant Robert Priga and defendants-appellants A.A. McNamara & Sons, Inc. and Arthur McNamara on their counterclaims for breach of contract. We affirm on the direct appeal and dismiss the cross-appeal.

Appellants raise two arguments on appeal. They contend that the district court erred in concluding that, under Connecticut law, Arthur McNamara, the assignee, was precluded from recovering on the assigned insurance claim because he had failed to give notice to Allstate, the obligor, of the assignment before Robert Priga, the assignor, made a material misrepresentation to Allstate. Appellants also contend that the district court erred in concluding that, under Connecticut law, Allstate was not required to show that it was prejudiced by any lack of notice of the assignment.

Allstate argues that the district court correctly applied Connecticut law in holding that the assignment was subject to all defenses and equities available to Allstate that arose before it received notice of the assignment. Allstate also raises four additional arguments in support of the district court's holding that McNamara could not recover from Allstate. First, Allstate argues that the agreement between Priga and McNamara transferring Priga's potential recovery from Allstate fails as an assignment. Second, it contends that McNamara as an assignee of rights under a void contract received nothing from Priga. Next, Allstate argues that McNamara may not recover from it because Priga breached the insurance contract by failing to satisfy specified policy conditions. Finally, Allstate contends that it has superior equities to Priga and McNamara. Although many of these additional contentions appear to have merit, we need not address them because we hold that the district court correctly applied the relevant Connecticut law of assignment.

■ Allstate also cross-appeals from the district court's decision. It argues that there was no evidence to support the district court's conclusion that Priga assigned his rights to his insurance claim to McNamara on September 21, 1987. Allstate also contends that there was no evidence from which the district court could conclude that Allstate was notified of an assignment from Priga to McNamara on October 2, 1987. Allstate is not aggrieved, however, by the judgment entered after these alleged errors. Consequently, Allstate has no standing to appeal. Therefore, we dismiss the cross-appeal.

## BACKGROUND

This appeal arises from an action commenced by Allstate pursuant to 28 U.S.C. § 2201 seeking a declaratory judgment that a property insurance policy (Policy) it issued to Robert Priga was null and void as a result of material misrepresentations made by Priga to Allstate. The Policy was issued on April 10, 1987 and covered a residence owned by Priga and the contents therein. The case was tried to the district court for four days. Judge Eginton made the following findings of fact.

The Policy was titled a "Deluxe Homeowners Policy," and covered losses at replacement value of the property and its contents. The Policy provided that it would be void in the event of any intentional concealment or misrepresentation by Priga of any fact or circumstance material to his claim, before or after the loss. A condition of the Policy was that Priga maintain his residence at the insured property. Allstate customarily issues replacement value policies to cover residential buildings only when the policyholder resides in the building.

On September 4, 1987, the property suffered fire damage. On September 22, 1987, Priga gave to an Allstate claims examiner a

---

* Honorable Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

signed statement that Priga had lived almost exclusively at the property for fifteen years prior to the fire. Priga sold the property to appellant McNamara Inc. on September 21, 1987 and, on that same date, assigned to appellant McNamara the claim for the dwelling fire loss. Priga notified Allstate of the assignment on October 2, 1987 and authorized Allstate to make payment to McNamara Inc. on the dwelling fire loss claim arising from the damaged property. On December 15, 1987 Priga submitted a Proof of Loss to Allstate. Allstate employees examined Priga under oath on January 12, 1988 and Priga again asserted that he had been living at the property before the fire.

On March 14, 1988 Allstate notified Priga that it considered the Policy void as a result of his material misrepresentations and that it would not pay any claims pursuant to it. At trial, Priga admitted that the statements made in his signed statement and repeated earlier under oath were false and that during the six months prior to the fire he had lived almost exclusively with his sister.

The district court found that on September 22, 1987 in his signed statement Priga had made material misrepresentations to Allstate concerning his residence prior to the fire. The district court also found that the Proof of Loss submitted by Priga on December 15, 1987 did not reflect the true contents of the property at the time of the fire.[1] The court held that these misrepresentations rendered the Policy null and void. The district court also rejected McNamara's argument that he should be entitled to recover on the Policy as an assignee and, in equity, as an innocent purchaser. Applying Connecticut law, the court held that McNamara as an assignee of the property insurance claim was subject to the defenses that Allstate could assert against Priga because Allstate did not receive notice of the assignment until October 2, 1987, which was after Priga made a material misrepresentation to Allstate. The court concluded that McNamara took the assignment subject to Allstate's valid defense of

material misrepresentation on the residency issue.

The district court entered a declaratory judgment in favor of Allstate and against Priga, McNamara & Sons, Inc. and McNamara on their counterclaims for breach of contract. McNamara & Sons, Inc. and McNamara appeal this judgment.

## DISCUSSION

Appellants do not challenge the court's conclusion that Priga misrepresented material facts to Allstate thereby voiding his insurance policy. Rather, they argue that the district court incorrectly interpreted the Connecticut law of assignment. Because we are unpersuaded by this contention, we need not consider alternative arguments for affirmance even though they may present other issues that could doom appellants' case.

We review *de novo* a district judge's interpretation of the law of the state in which he sits. *See Salve Regina College v. Russell,* 499 U.S. 225, 231–32, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991); *Leon's Bakery, Inc. v. Grinnell Corp.,* 990 F.2d 44, 48 (2d Cir. 1993). Because we conclude that Judge Eginton properly interpreted Connecticut assignment law, we affirm the judgment.

Appellants first argue that the district court was incorrect when it stated that Connecticut law recognizes that an assignment is subject to all defenses and equities available to the obligor that arise before notice is given to the obligor of the assignment. They contend that, under Connecticut law, to preserve his right to recover on Priga's insurance claim McNamara did not have to give notice of the assignment to Allstate prior to the time Priga made material misrepresentations to Allstate.

The district court in reaching its decision relied on *Bridgeport–City Trust Co. v. Niles–Bement–Pond Co.,* 128 Conn. 4, 20 A.2d 91 (1941). In that case, a company, after receiving loans from the plaintiff, assigned to the

1. Priga had claimed that the following items, among others, had been destroyed: two air conditioning units, a stereo, a microwave oven, wall-to-wall carpeting, a color television, a clothes dryer, approximately seventy pairs of pants, sev- enteen leather jackets and twenty pairs of athletic sneakers. The district court found that "many, if not all, of the items claimed in Priga's Proof of Loss ... were not on the property at the time of the fire."

plaintiff accounts receivable due the company from the defendant-obligor. The Connecticut Supreme Court of Errors clearly stated: "Ordinarily the assignee of a chose in action takes it subject to equities and defenses which could have been set up against it in the hands of the assignor, *provided they have arisen before receipt of notice of the assignment.*" 128 Conn. at 10, 20 A.2d at 94 (emphasis added). The *Bridgeport-City Trust Co.* Court then applied this principle, refusing to allow the obligor to assert a setoff claim against the amount claimed by the assignee because the setoff claim had not arisen until after the obligor had received notice of the assignment. The court repeatedly noted the importance of the obligor's receipt of notice of the assignment to the defenses available to the obligor. *Id.* at 10–11, 20 A.2d at 94–95.

To support their assertion that the district court erred in its reliance on *Bridgeport-City Trust Co.* in interpreting Connecticut law, appellants rely on a passage from American Jurisprudence and a Connecticut case cited therein decided by the Connecticut Supreme Court of Errors before it decided *Bridgeport-City Trust Co.* We are not persuaded by these authorities that the district court erred.

The American Jurisprudence passage to which appellants direct our attention indicates that courts disagree as to the effect of equities and defenses arising after the assignment of a nonnegotiable chose in action but before notice has been given to the debtor. *See* 6 Am.Jur.2d, *Assignments* § 104 (1993). The passage cites in a footnote, *inter alia, Hartford-Connecticut Trust Co. v. Riverside Trust Co.*, 123 Conn. 616, 197 A. 766 (1938), in support of the proposition that some courts limit the equities or defenses to which an assignee is subject, to those in existence at the time of the assignment.

[redacted] In *Hartford-Connecticut Trust Co.*, the Connecticut Supreme Court of Errors stated: "While not affected by defenses arising after the assignment, normally the assignee of a chose in action takes subject to all equities and defenses which could have been set up against the chose in the hands of the assignor at the time of the assignment." 123 Conn. at 626–27, 197 A. at 771. Appellants' reliance on this case to show that the district court erred in concluding that assignee McNamara had to give notice to Allstate prior to the time Priga made material misrepresentations to Allstate is misplaced. *Hartford-Connecticut Trust Co.* does not address the question of notice at issue in this appeal. Furthermore, this case predates *Bridgeport-City Trust Co.* by three years. Therefore, even if the holdings of these cases are inconsistent, the district court properly relied on the more recent decision of the Connecticut Supreme Court of Errors. *See* 1A James W. Moore *et al., Moore's Federal Practice* ¶ 0.307[3], at 3072 n. 1 (2d ed. 1993) (collecting cases that hold that where there are inconsistent decisions of a state court, federal courts usually apply the most recent decision).

[redacted] Appellants also contend that the district court erred when it concluded that Connecticut law does not require Allstate to show prejudice from any lack of notice. Appellants rely on two decisions by the Connecticut Supreme Court of Errors, *Ciezynski v. New Britain Transp. Co.*, 121 Conn. 36, 182 A. 661 (1936), and *Travelers Ins. Co. v. Mayo*, 103 Conn. 341, 130 A. 379 (1925), for the proposition that the Connecticut court requires a showing of prejudice to an obligor from lack of notice of an assignment before it will defeat the claim of an assignee. Again, we find this argument unpersuasive because these decisions were issued prior to *Bridgeport-City Trust Co.* and in that opinion no requirement of prejudice was mentioned in the clear statement of the relevant state law.

The two decisions appellants cite are also factually distinguishable from the case at hand. The *Ciezynski* Court addressed the competing claims to a judgment obtained by the assignor of an attaching creditor of the assignor and an assignee when the creditor levied a garnishment on the judgment before the debtor received notice of the assignment. In *Travelers Ins. Co.*, the court addressed the competing claims to the proceeds of a life insurance policy of an attaching creditor of an insured and the assignee of the insured's right to payment on the policy when no notice of the assignment had been given to

the debtor insurance company. Neither *Travelers Insurance Co.* nor *Ciezynski* discussed the potential defenses an *obligor* can assert against an assignee. However, appellants argue that because the *Bridgeport–City Trust Co.* Court cited each of these decisions with approval directly following the passage relied on by the district court, *see* 128 Conn. at 10, 20 A.2d at 94, we should ignore the unambiguous language of *Bridgeport–City Trust Co.* and instead read these earlier cases as creating a rule that an obligor must show he was prejudiced by lack of notice of an assignment before an assignee's claim will be defeated. Appellants also argue that the *Bridgeport–City Trust Co.* case should be limited to its facts. We are not persuaded by either argument.

Appellants' attempts to circumvent the clear language in *Bridgeport–City Trust Co.* are to no avail. We are unwilling to second-guess a clear statement of state law by the Connecticut Supreme Court of Errors.[2] Therefore, we conclude that the district court properly chose to follow the most recent statement of the relevant law by that court. Because we disagree with the arguments appellants make in their appeal, we need not consider the other four reasons urged by Allstate as appellee in support of affirmance.

Allstate also cross-appeals the district court's judgment arguing that there was no evidence to support the district court's findings with regard to the date of Priga's assignment of his rights to his insurance claim to McNamara and with regard to the date that Allstate was notified of the assignment. In its brief, Allstate states that we need only reach the arguments it raises on cross-appeal if we disagree with the five other grounds it urges for affirmance. Allstate assumes too much.

We previously have stated that "[i]n order to have standing to appeal, a party must be aggrieved by the judicial action from which it appeals." *Great American Audio Corp. v. Metacom, Inc.,* 938 F.2d 16, 19 (2d Cir.1991) (per curiam). In its complaint, Allstate sought a declaratory judgment determining that the Policy was null and void and that Allstate had no further obligations to appellants or Priga pursuant to the Policy. The district court entered a declaratory judgment in Allstate's favor pursuant to the court's decision that the Policy was null and void. Allstate is not urging that we alter the judgment in any way, but rather that we alter the reasons underlying it. *See Jarvis v. Nobel/Sysco Food Servs. Co.,* 985 F.2d 1419, 1426 n. 7 (10th Cir.1993). While Allstate "is entitled to urge that we affirm the district court's decision on any basis submitted to that court and supported by the record, including the basis that the court should have made findings favorable to it," *Great American Audio Corp.,* 938 F.2d at 19, it is not aggrieved by the district court's judgment and therefore is not entitled to cross-appeal. Therefore, we dismiss Allstate's cross-appeal for lack of jurisdiction. *See id.*

Because we affirm the district court's decision for the reasons stated above, we need not address whether we could properly consider the seemingly meritorious arguments Allstate raises in its cross-appeal as additional grounds for affirmance.

## CONCLUSION

The district court did not err when it concluded that, under Connecticut law, to recover on Priga's policy McNamara had to give notice to Allstate of the assignment prior to the time Priga made a material misrepresentation to Allstate and that Allstate did not have to show it was prejudiced by any lack of notice of the assignment. Therefore, we affirm the judgment of the district court.

Because Allstate was not aggrieved by the district court's judgment, we dismiss its cross-appeal for lack of appellate jurisdiction.

The parties shall bear their own costs.

---

**2.** We note that our reliance on *Bridgeport–City Trust Co.* is strengthened because its statement of the law of assignment is in accord with the rule articulated in section 336(2) of the Restatement (Second) of Contracts. Section 336(2) states that "[t]he right of an assignee is subject to any defense or claim of the obligor which accrues before the obligor receives notification of the assignment, but not to defenses or claims which accrue thereafter except as stated in this Section or as provided by statute." Restatement (Second) of Contracts § 336(2) (1981).