[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant matter is a post-judgment proceeding brought by the plaintiff pursuant to § 52-356(c) of the General Statutes to determine priorities in a chose-in-action represented by a note. The situation is complicated by the negotiable character of the note and by the fact that it is reported to have been lost. CT Page 7230 From the testimonial and documentary evidence presented at the hearing including inferences reasonably derived therefrom, the court finds that the facts set forth below have been established.
 I.
For a period of time before November 10, 1995, negotiations for the purchase of a parking lot on Grand Avenue in New Haven occurred between the named defendant as owner and Grand Avenue Development Corporation as prospective purchaser. In the negotiations, Grand Avenue Development Corporation was represented principally by David Gannon its secretary and to a lesser degree by Charles Ghirone its president. The negotiations resulted in a contract and a closing was held on November 10, 1995. Part of the purchase price was a promissory note of Grand Avenue Development Corporation in the amount of $50,853.00 payable to the order of Joseph E. Elliott, Jr. Said note provided for interest at 6% per annum and monthly level payments of $983.00, including principal and interest, starting on January 1, 1996 and continuing for five years. After the closing, the defendant Joseph E. Elliott, Jr. returned to his office where he made copies of all documents. The building in which his office is located was vandalized shortly thereafter. He reported the note to be lost and stated that his searches for it had been unsuccessful.
When the parking lot was sold, Joseph E. Elliott, Jr. and his related corporation, Joseph E. Elliott, Jr., Inc. were indebted to the plaintiff. As a forerunner to suit on this debt, the plaintiff, on November 29, 1995 obtained a pre-judgment remedy that included a garnishment of the amount owed by Grand Avenue Development Corporation to Joseph E. Elliott, Jr. On April 15, 1996, a judgment, apparently by consent, in the amount of $52,856.01 was obtained by the plaintiff against Joseph E. Elliott, Jr. and Joseph E. Elliott, Jr., Inc. This judgment remains wholly unsatisfied.
Joseph E. Elliott, Jr. has a law suit pending in the United States District Court for the District of New Jersey against defendants described as C C Cola and R.C. Cola. In the federal law suit, he is represented by Attorney David W. Field of the form of Lowenstein, Sandler, Kohl, Fisher Boylan, Esqs. (hereinafter the New Jersey Law Firm). Before the closing on November 10, 1995, Joseph E. Elliott, had discussed with David Gannon his need to use the payments that would be made on the CT Page 7231 note to finance the federal suit. Similar discussions occurred after the closing.
The federal law suit was among the items that Joseph E. Elliott, Jr., discussed with Attorney Marc Cousineau, deputy director and house counsel of the plaintiff at a meeting held on December 4, 1995. On November 30, 1995, Joseph E. Elliott, Jr. was served with the papers pertaining to the plaintiff's law suit. Acting on the advice of one of the plaintiff's employees, Elliott called Attorney Cousineau for an appointment and the meeting on December 4, 1995, was scheduled.
The plaintiff is a non-profit development corporation providing small business loans and also acts as a servicing agent for loans made directly by the Small Business Administration. When the meeting was held on December 4, 1995, Joseph E. Elliott, Jr. was delinquent on his S.B.A. loan in addition to the loan made by the plaintiff. According to Marc Cousineau, an agreement was reached at the meeting whereby Joseph E. Elliott, Jr. was to assign the proceeds of the promissory note to the plaintiff and in return the plaintiff would not return the writ, summons and complaint in this action to court. Another, albeit lesser, aspect of the meeting as testified to by Attorney Cousineau was how to pay the delinquent S.B.A. loan. Joseph E. Elliott, Jr., mentioned the federal law suit and there was discussion concerning the assignment of a portion of it to the S.B.A. and a portion of it to the plaintiff should the proceeds of the note of the Grand Avenue Development Corporation be insufficient.
Marc Cousineau's testimony was that although the federal law suit was mentioned by Joseph E. Elliott, Jr., there was never a suggestion that the proceeds of the note of Grand Avenue Development Corporation were to be used to finance it and, therefore, not be available to satisfy the debt owed to the plaintiff. Cousineau's version was disputed by Joseph E. Elliott, Jr. who said he did not offer to assign the note inasmuch as he had already assigned it to the New Jersey Law Firm. Elliott's account of the meeting was that he expressed the intention of paying $500.00 per month to the plaintiff.
Other contradictions appear when the testimony of Joseph E. Elliott, Jr. is compared to the testimony of Attorney Joseph Rini and the testimony of Attorney David Field, Elliott's New Jersey counsel. Elliott had discussed the prospective assignment with Attorney Field in November, 1995. A letter to Field that was CT Page 7232 handwritten by Elliott and dated November 25, 1995 was introduced as a defense exhibit. In this letter, Elliott expresses his intention of wanting to assign the full amount of the note to the New Jersey Law Firm. The letter, however, was not received by Field until December 13, 1995, when he received it via fax after telling Elliott in a telephone conversation that it had not arrived. After receiving the letter, Attorney Field told Elliott that he had to engage a Connecticut lawyer to effectuate the assignment. Elliott went to the office of Attorney Rini who represents Grand Avenue Development Corporation and was the closing attorney for the sale of the parking lot. The problem is when did he . . . Attorney Rini testified that Joseph E. Elliott, Jr. came to his office on December 13 or 14, 1995. Elliott fixes the date as November 27, 1995, two days before service of the order of garnishment.
On whatever date Joseph E. Elliott, Jr., arrived at Attorney Rini's office, he brought a letter, dated November 27, 1995, informing Grand Avenue Development that on November 27, 1995, he had assigned all of his rights and interest in the note to the New Jersey Law Firm. Grand Avenue Development Corporation was requested to send its payments to the New Jersey Law Firm, attention: David W. Field, Esquire. Elliott also brought $200.00 in cash for partial payment of a bill owed by a corporation in which he has an interest, a matter unrelated to the present suit.
Contradicting Elliott's claimed date of delivery, however, is Attorney Rini's facsimile letter to the plaintiff's lawyer dated December 7, 1995. In his letter written after service of the garnishment, Rini states that "[his] client has not raised any defenses to the payment of the note." No receipt for the $200.00 was given. Rini explained that when Elliott came to his office, he looked for but could not find the receipt book. But the office records showed that the $200.00 was deposited in the firm's bank account on December 14, 1995. Also contradictory of Elliott's claim of delivery on November 27, 1995 were Rini's time records that listed a personal (non-telephonic) conversation with Elliott about an assignment to the New Jersey Law Firm on December 14, 1995. Attorney Rini had no recollection and none of his records disclosed that Elliott came to his office on November 27, 1995.
On December 20, 1995, Attorney Rini notified Attorney Field of the prejudgment order of garnishment and that until the conflicting claims were resolved, Grand Avenue Development Corporation would segregate its payments on the note in a CT Page 7233 separate account.
The discrepancies in testimony alone promote some further findings. These findings appear, where appropriate in the next section of this memorandum.
 II. A.
Two items in this proceeding have not been contested: the negotiable character of the note and that the original note has been lost while in the possession of Joseph E. Elliott, Jr., its original holder. Putting aside the unique question of whether a copy of a negotiable instrument can ever fully substitute for the original, the court concludes that the "note" was never "negotiated" to the New Jersey Law Firm as required by the Uniform Commercial Code. This conclusion rests upon the following findings: the copy of the note introduced into evidence as defense exhibit 3 has on the reverse side of page 1 handwriting that reads:
 November 27, 1995 I Joseph Elliott, Jr., assign this promissory note over to Mr. David W. Fields (sic) of Lowenstein Sandler Law firm in Rosedale N.J. as a retainer for the litigation and expense of Elliott v. C C Cola R.C. Cola.
The copy that was sent to the New Jersey Law Firm, however, did not contain such handwriting. In his deposition (plaintiff's exhibit H), Attorney Field testified that he received a copy of the note on December 13, 1995 but that he did not, at any time, receive what purports to be an assignment of the note.
Section 42a-3-203(c) of the General Statutes provides that:
 Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of endorsement by the transferor, the transferee has a specially enforceable right to the unqualified endorsement of the transferor, but negotiation does not occur until the endorsement is made.
CT Page 7234
The note states that it is to be construed in accordance with Connecticut law. Consequently the court concludes that neither Attorney Field nor his law firm ever became a holder entitled to enforce the provisions of the note, § 42a-3-203(a), much less a holder in due course.[1]
Since, as the court has concluded, the note was not transferred as a negotiable instrument, the question remains as to whether it was effectively assigned by Joseph E. Elliott, Jr. to the New Jersey Law Firm before Grand Avenue Development Corporation was served with the garnishment order. Even though the note was in form negotiable it still could be transferred by an assignment, either indorsed on it or embodied in a separate instrument. Linahan v. Linahan, 131 Conn. 307, 318 (1944).
In addition to the writing on the reverse side of the first page of the note, a writing that the court has found Attorney Field never received, Elliott also made a separate assignment dated November 27, 1995 that was delivered to Attorney Rini on a date in dispute. But based on Attorney Field's testimony, the court finds that the separate assignment also was never delivered to the New Jersey Law Firm. While the most obvious form of an assignment is a writing signed by the assignor and delivered to the assignee, the lack of delivery will not be fatal if the assignor's intention to assign can be otherwise ascertained. SeeHeyman v. Kline, 344 F. Sup. 1088, 1103 (D. Conn. 1970), rev. o.g. 456 F.2d 123 (2d Cir), cert. denied 409 U.S. 847,93 S.Ct. 53, 34 L.Ed.2d 88 (1972). Sufficient proof of Elliott's intention existed. As explained below, however, the assignment was ineffective to override the order of garnishment.
Ordinarily, the assignee of a chose in action takes it subject to the equities and defenses which could have been set up against it in the hands of the assignor provided they have arisen before receipt of notice of the assignment by the obligor.Bridgeport-City Trust Co. v. Niles-Bement-Pond Co., 128 Conn. 4,10 (1941); Allstate Ins. Co. v. A.A. McNamara Sons Inc., 1 F.3d 133,135-36 (2d Cir. 1993) (noting on the authority ofBridgeport-City Trust Co. v. Niles-Bement-Pond Co. that under Connecticut law the date of obligor's receipt of notice of the assignment determines what defenses can be raised against the assignee). of course, Bridgeport-City Trust Co. v.Niles-Bement-Pond Co. becomes controlling only if the delivery of the assignment to Attorney Rini occurred on December 13 or 14, CT Page 7235 1995 and not on the preceding November 27th as advocated by Joseph E. Elliott, Jr.
Attorney Rini's testimony is consistent with the testimony given by Attorney Field. The testimony of Joseph E. Elliott, Jr. was substantially undermined by that of Attorney Field and also by the testimony of Attorney Consineau. Accordingly the court, in its resolution of the credibility of witnesses, accepts the testimony of Attorney Rini and finds that the notice of assignment was delivered on December 13 or 14, 1995, making it subordinate in time and right to the garnishment.[2]
 III.
Because the note is a negotiable instrument, its maker, Grand Avenue Development Corporation, is fearful that at some time in the note's five year existence, a holder in due course will appear. This problem can be accommodated by having the plaintiff, as the party found entitled to receive the proceeds of the note, post a bond in the face amount of the note until the debt owed by Joseph E. Elliott is satisfied from the proceeds. See General Statutes § 42a-3-309.
 IV.
Judgment in the § 52-356(c) proceeding is rendered for the plaintiff. After the plaintiff posts the required bond, Grand Avenue Development Corporation shall make payments on the note to the plaintiff.
Jerrold H. Barnett, Judge