**TRUST FOR the CERTIFICATE HOLDERS OF the MERRILL LYNCH MORTGAGE INVESTORS, INC. MORTGAGE PASS-THROUGH**

**CERTIFICATES, SERIES 1999–C1, by and through ORIX CAPITAL MARKETS, LLC as Master Servicer and Special Servicer, Movant–Plaintiff–Appellant–Cross–Appellee,**

v.

**LOVE FUNDING CORPORATION,**
Respondent–Defendant–Appellee–
Cross–Appellant.

Docket Nos. 07–1050–cv (L),
07–1285–cv (XAP).

United States Court of Appeals,
Second Circuit.

Submitted: June 5, 2007.

Decided: Aug. 1, 2007.

Ira M. Feinberg, Hogan & Hartson LLP, New York, NY, for Movant–Plaintiff–Appellant–Cross–Appellee.

Alec W. Farr, Bryan Cave LLP, Washington, DC, for Respondent–Defendant–Appellee–Cross–Appellant.

Before: WINTER, B.D. PARKER, Circuit Judges, and OBERDORFER, District Judge.*

---

* The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

1. "[N]o corporation or association ... shall solicit, buy, or take an assignment of ... any

PER CURIAM.

Trust for the Certificate Holders of the Merrill Lynch Mortgage Investors, Inc. Mortgage Pass–Through Certificates, Series 1999–C1 (the "Trust") appeals from a judgment against it and in favor of Love Funding Corporation ("Love") after a bench trial before Judge Scheindlin. Trust now moves to dismiss Love's cross-appeal, arguing that Love lacks standing to maintain the cross-appeal because the issue raised by that cross-appeal, if resolved in a ruling favorable to Love, would not affect the judgment. We write only to note that the motion raises no issue of consequential substance and to explain that we refer the motion to the panel hearing the merits lest a ruling on the motion now prevent briefing of an issue relevant to the appeal.

The Trust sued Love in state court for breach of contract, alleging in relevant part that Love had breached certain representations made to a third party in connection with a mortgage loan and that the Trust had acquired the third party's rights against Love with respect to that loan. Love removed the action to federal court and asserted the affirmative defense of champerty. See N.Y. Jud. Law § 489.[1]

The parties filed cross-motions for summary judgment on the issue of Love's liability. The district court granted the Trust's motion for a determination that Love had breached the contract. *Trust for the Certificate Holders of the Merrill Lynch Mortgage Pass–Through Certificates, Series 1999–C1 v. Love Funding Corp.*, No. 04 Civ. 9890, 2005 WL 2582177, at *7 (S.D.N.Y. Oct. 11, 2005) ("*Love I*").

claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon...." N.Y. Jud. Law § 489(1).

The court then held a bench trial on the remaining issues, including Love's affirmative defense of champerty and the amount of damages, if any, that the Trust could recover. In an Opinion and Order dated February 27, 2007, the court held that the assignment of the relevant rights to the Trust was void for champerty and directed the Clerk of Court to close the case. *Trust for the Certificate Holders of the Merrill Lynch Mortgage Pass–Through Certificates, Series 1999–C1 v. Love Funding Corp.*, No. 04 Civ. 9890, 2007 WL 631324, at *8 (S.D.N.Y. Feb. 27, 2007) (*"Love II"*). In a footnote, however, the court stated, "[i]f I had not found the Assignment to be void, the Trust's damages would be limited to those incurred prior to September 30, 2002." *Id.* at *8 n. 79. The court indicated that this amount would "total approximately $1,736,668.35." *Id.* It was the evident intention of the court to rule on all the principal issues so that even if the ruling on champerty were vacated, Love's liability and obligation to pay damages would have been resolved.

Although no separate document representing the judgment was entered, *see* Fed.R.Civ.P. 58, we clearly have jurisdiction under *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). The Trust filed a notice of appeal from "the final judgment . . . and from all orders and rulings embodied therein." Love filed a similar notice of cross-appeal, set out in full in the margin.[2]

As the Supreme Court has explained, "[o]rdinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right [under 28 U.S.C. § 1291] to appeal therefrom." *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 333, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). "A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Id.* This rule does not derive from the jurisdictional limitations of Article III, but rather "from the statutes granting appellate jurisdiction and the historic practices of the appellate courts." *Id.* Accordingly, "[i]n an appropriate case," a party who has prevailed on the merits may appeal from an "adverse ruling collateral to the judgment on the merits . . . so long as that party retains a stake in the appeal satisfying the requirements of Art. III." *Id.*

For example, several circuits have allowed a prevailing party to file a protective, conditional cross-appeal "to insure that any errors against his interests are reviewed so that if the main appeal results in modification of the judgment his grievances will be determined as well." *Hartman v. Duffey*, 19 F.3d 1459, 1465 (D.C.Cir.1994); *see also Council 31, Am. Fed'n of State, County & Mun. Employees, AFL–CIO v. Ward*, 978 F.2d 373, 380 (7th Cir.1992), *School Bd. v. Malone*, 762 F.2d 1210, 1218 n. 12 (4th Cir.1985), *Jones & Laughlin Steel Corp. v. Johns–Manville Sales Corp.*, 626 F.2d 280, 290 (3d Cir.

2. The notice of cross-appeal reads as follows: PLEASE TAKE NOTICE that Defendant Love Funding Corporation hereby cross-appeals to the United States Court of Appeals for the Second Circuit from the judgment entered by this Court on February 27, 2007, *insofar as* it embodies or has merged into it the Court's October 7, 2005 Order and Opinion granting Plaintiff's Motion for Summary Judgment and denying Defen-

dant's Cross–Motion for Summary Judgment and all rulings and orders embodied within that Order and Opinion, including but not limited to the ruling that Defendant's obligation to perform under Article V of Mortgage Loan Purchase Agreement was not excused fully by its assignor's material breach of contract and other actions. (*emphasis added*).

1980), *Hilton v. Mumaw,* 522 F.2d 588, 603 (9th Cir.1975); *cf. Elec. Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 242, 59 S.Ct. 860, 83 L.Ed. 1263 (1939) (where decree dismissing patent suit for failure to prove infringement also judged patent claim valid, Court of Appeals had jurisdiction to hear appeal of validity by prevailing defendant). "The risk that [he] might become aggrieved upon reversal on the direct appeal is sufficient" to confer standing to appeal on the prevailing party. *Hilton,* 522 F.2d at 603, *accord Hartman,* 19 F.3d at 1465. A conditional cross-appeal is " 'conditional' in the sense that the cross-appeal is reached only if and when the appellate court decides to reverse or modify the main judgment." *Hartman,* 19 F.3d at 1465. Where the direct appeal fails and the judgment is affirmed, the usual procedure is to dismiss the cross-appeal as moot. *See Sea–Land Serv., Inc. v. Dep't of Transp.,* 137 F.3d 640, 649–50 (D.C.Cir. 1998) (citing cases).

Our own cases addressing conditional cross-appeals appear to be in conflict. We treated a conditional cross-appeal as viable in *Parker v. Columbia Pictures Indus., Inc.,* 204 F.3d 326 (2d Cir.2000). There, the plaintiff had sued defendants Sony Pictures Entertainment, Inc. ("SPE") and Columbia Pictures Industries, Inc. ("CPI") for disability discrimination. *Id.* at 330. SPE moved for summary judgment on all claims. *Id.* In addition, CPI "moved for summary judgment on the independent ground that it was not Parker's employer." *Id.* The district court granted SPE's motion as to the discrimination claims but denied CPI's additional motion. *Id.* at 331–32. The plaintiff then appealed the adverse judgment on the discrimination claims, and CPI cross-appealed the denial of summary judgment on whether it was the plaintiff's employer. *Id.* at 332. We vacated the grant of summary judgment on the discrimination claims and proceeded

to consider and affirm the denial of CPI's motion for summary judgment. *Id.* at 341. We noted that "[t]he district court's judgment was favorable to the appellees, including CPI, but our reversal revives the action against the appellees and renders CPI's cross-appeal viable." *Id.* at 341 n. 7. Such reasoning would call for a denial of the motion in the present case.

However, *Allstate Insurance Co. v. A.A. McNamara & Sons, Inc.,* 1 F.3d 133 (2d Cir.1993) appears to be to the contrary. In that case, Allstate sought a declaratory judgment that a policy it had issued was void because of material misrepresentations by the insured. *Id.* at 134. Defendants McNamara and McNamara Inc., purporting to be assignees of the insured's rights under the policy, counterclaimed for breach of contract. *Id.* The district court held the insured's assignment to be valid but entered a declaratory judgment for Allstate on the ground that the insured's misrepresentations were dispositive defenses to the assignees' claims. *Id.* at 135. When the assignees appealed, Allstate cross-appealed the district court's finding that the insured had validly assigned the policy. *Id.* at 134, 135. We noted that Allstate stated in its brief that "we need only reach the arguments it raises on cross-appeal if we disagree with the five other grounds it urges for affirmance." *Id.* at 137. After affirming on the other grounds mentioned, we dismissed the cross-appeal because Allstate was not aggrieved by the district court's final judgment. *Id.* *See also Great Am. Audio Corp. v. Metacom, Inc.,* 938 F.2d 16, 19 (2d Cir.1991) (dismissing cross-appeal for lack of jurisdiction where appellant was not aggrieved).

*Parker* and *Allstate* appear to be inconsistent. The conflict is, however, far less than meets the eye. The opinion in *Allstate* made it clear that the issue raised by

the cross-appeal might have been considered as a grounds for affirmance if the other grounds argued had not been sufficient, a point emphasized in *Great Am. Audio Corp.*, 938 F.2d at 19. In *Parker*, the other grounds argued were insufficient for affirmance, and the panel therefore addressed the issue, albeit as having been raised in the cross-appeal. The results are, therefore, entirely consistent. In *Allstate*, the cross-appeal might as easily have been dismissed as moot, while in *Parker* judicial economy required that the merits be addressed as a possible ground for affirmance.

■ The point to be derived from this analysis is that the briefing of an issue arguably relevant to an appellate proceeding should not be foreclosed by a motions panel. Whether the issue is briefed as a ground for affirmance or as a cross-appeal is of little practical consequence, and the final disposition of the proceeding can dispose of a cross-appeal as is deemed appropriate by the merits panel.

Whether an issue that is not technically part of a judgment should be addressed at all, and, if so, as a grounds for affirmance or on a cross-appeal, may depend on the specifics of each case. Whether the issue is ripe in the sense that the record is sufficient for an appellate decision and whether a decision at the time would conserve judicial resources by materially advancing the proceeding will also differ from case to case. Moreover, there may be a legitimate concern about a party's need to protect itself from an argument that it has waived an issue by not cross-appealing where, as here, the judgment is in the form of an opinion and the notice of (direct) appeal is from "orders and rulings embodied" in the opinion/judgment. There is some caselaw that requires issues to be addressed in a particular order. *See, e.g., Saucier v. Katz*, 533 U.S. 194, 200, 121

S.Ct. 2151, 150 L.Ed.2d 272 (2001) (holding that a court ruling on the issue of qualified immunity must first consider whether a constitutional right was violated; only if the first question is answered in the affirmative may the court ask whether the right was clearly established); *Ehrlich v. Town of Glastonbury*, 348 F.3d 48, 54–55 (2d Cir.2003) (noting that under the Supreme Court's mandatory two-step approach, "lower courts *must* determine the [constitutional] violation before engaging in a qualified immunity analysis.") (emphasis in original). Arguably, a favorable ruling on a "senior" issue may "embody" an unfavorable ruling on a "junior" issue. There is therefore little to be gained, and perhaps something to be lost, by a motions panel ruling on a motion such as the present one. We add only that motions such as this should generally be made with the filing of the main briefs rather than before briefing when delay will result.

We therefore refer the motion to the panel hearing the merits.