**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-1070, 11-1195
_____

PETTINARO ENTERPRISES, LLC, VERINO PETTINARO, KATHRYN
PETTINARO, and STAR BUILDING, LLC,

Appellants

v.

CONTINENTAL CASUALTY COMPANY

_____

On Appeal from the United States District Court
For the District of Delaware
(Civil Action No. 09-00139)
District Judge:  Honorable Gregory M. Sleet
_____

Argued September 20, 2011
_____

Before:  AMBRO, CHAGARES, and ALDISERT, <u>Circuit</u> <u>Judges</u>.

(Opinion filed: November 9, 2011)

David J. Baldwin, Esquire (Argued)
Lindsay O. Clizbe, Esquire
Gregory A. Inskip, Esquire
Michael Brendon Rush, Esquire
Potter, Anderson & Corroon
1313 North Market Street
6th Floor, P.O. Box 951
Wilmington, DE 19899-0951

*Counsel for Appellants/Cross-Appellees*

Joseph J. Bellew, Esquire
Cozen O'Connor
1201 North Market Street
Suite 1400
Wilmington, DE 19801-0000

Michael F. Henry, Esquire (Argued)
Cozen O'Connor
1900 Market Street, 3rd Floor
Philadelphia, PA 19103

Beth E. Moskow-Schnoll, Esquire
Ballard Spahr
919 North Market Street, 11th Floor
Wilmington, DE 19801-0000

*Counsel for Appellee/Cross-Appellant*

_____

OPINION
_____

CHAGARES, <u>Circuit Judge</u>.

Plaintiffs Pettinaro Enterprises, LLC, Verino and Kathryn Pettinaro, and Star Building, LLC (collectively, "Pettinaro") brought this action against Continental Casualty Company ("Continental") seeking coverage under a property insurance policy sold to them by Continental. The United States District Court for the District of Delaware granted summary judgment in favor of Continental. Pettinaro appeals that ruling and Continental cross-appeals the District Court's grant of Pettinaro's motion for leave to amend the complaint. For the reasons stated below, we will affirm.

2

I.

Because we write solely for the parties, we recite only those facts necessary for our decision. On April 16, 2007, a fire destroyed a building owned by Pettinaro and insured by Continental ("the Building"). On September 10, 2007, Pettinaro tendered a proof of loss ("POL") to Continental claiming, inter alia, a loss of rents in the amount of $37,800. Pettinaro's risk manager, David Crowley ("Crowley"), prepared the POL and the owner of the Building, Verino Pettinaro ("Verino"), signed it.

The loss of rents claim was based on Crowley's assertion that 45% of the Building was leased to VIP Storage of Delaware, Inc. ("VIP").[1] This assertion contradicted Continental's understanding that the Building was vacant. Crowley testified that he believed at the time that VIP was a holdover tenant due to the 300 tons of abandoned property that VIP had left at the Building. In fact, VIP's lease had terminated in March 2004. VIP had remained as a holdover tenant until May 2005, when Pettinaro notified VIP that it had thirty days to vacate the property. Thereafter, VIP had vacated the premises and surrendered its keys to Pettinaro on June 28, 2005. Pettinaro had not collected any rent payments from VIP since November 2004 and had stopped charging monthly holdover rent to VIP by July 2005. The other tenant, Tirec LLC, had also vacated the premises by June 6, 2005. The real estate records from November 2006 report the Building as "vacated" and "closed". Thus, it is evident, and undisputed, that

---

[1] The Continental policy provided that the building was considered "vacant" unless at least 31% of the property's total square footage was either (1) rented to a lessee or sub-lessee and used by the lessee or sub-lessee to conduct its customary operations; and/or (2) used by the building owner to conduct customary operations.

3

Crowley incorrectly claimed a loss of rents in the POL. By claiming that the Building was leased to VIP, Pettinaro precluded Continental from exercising one of the exclusions of coverage under the Continental policy. That exclusion provided that if the building was vacant for more than 60 consecutive days before loss or damage caused by arson occurred, Continental would not pay for the loss or damage.

Unfortunately for Pettinaro, the incorrect claim for loss of rents implicated the "Concealment, Misrepresentation or Fraud" clause in the Continental insurance policy, which provided that:

> This entire policy shall be void if, whether before or after a loss, the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in any claim, or in the case of fraud, or false swearing by the Insured relating thereto.

Joint Appendix ("J.A.") 129. Consequently, on September 3, 2008, Continental sent a letter to Pettinaro refusing all coverage because, among other reasons, the incorrect claim for loss of rents voided the entire policy.[2]

In response, Pettinaro filed this lawsuit in Delaware Superior Court seeking to obtain coverage under the Continental policy. Continental removed the case to federal court. On October 29, 2010, the District Court granted Pettinaro's motion for leave to amend its complaint to add claims for bad faith and breach of the implied covenant of good faith and fair dealing. Pettinaro Enters., LLC v. Continental Cas. Co., No. 09-139,

---

[2] Continental's other reasons for refusing coverage were that (1) the Building had been vacant for more than 60 days before the fire and, as such, the insurance policy would not cover damage caused by arson, (2) Pettinaro breached the insurance policy by failing to report an earlier fire on April 12, 2007, and (3) Pettinaro failed to maintain the premises, resulting in conditions easily susceptible to fire.

4

2010 WL 4274658 (D. Del. Oct. 29, 2010). Continental appeals the grant of that motion for leave to amend.

On December 10, 2010, the District Court granted Continental's motion for summary judgment. Pettinaro Enters., LLC v. Continental Cas. Co., No. 09-139, 2010 WL 5126006 (D. Del. Dec. 10, 2010). Pettinaro appeals that decision, arguing that (1) the District Court erred by failing to consider whether Pettinaro intended to deceive Continental and (2) summary judgment was inappropriate because there remained genuine issues of material fact as to whether (a) Pettinaro knowingly misstated facts in the POL, (b) Pettinaro's alleged misrepresentation was material, and (c) Pettinaro intended to mislead Continental.

II.

The District Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. Kach v. Hose, 589 F.3d 626, 633 (3d Cir. 2009). In reviewing the District Court's ruling, we are "required to apply the same test the district court should have utilized initially." Id. at 634 (quotation marks omitted). Summary judgment is appropriate when the court finds that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether such relief is warranted, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

5

III.

A.

The District Court held that, in order to establish an affirmative defense of material misrepresentation, Continental was required to prove that Pettinaro made a material misrepresentation that it knew was false. Pettinaro Enters., LLC, 2010 WL 5126006, at *4. With respect to the knowledge requirement, Pettinaro challenges the District Court's conclusion that

> no reasonable jury could find that Crowley and Verino Pettinaro, who are sophisticated parties in the commercial real estate business, believed that a holdover tenancy existed due to the presence of items abandoned by VIP and had no knowledge of their own business records and correspondence regarding the status of the Property.

Id. at *6. Pettinaro asserts that neither Crowley nor Verino was aware that the Building was no longer leased to VIP at the time of the fire. Indeed, Crowley testified at his deposition that, at the time he prepared the POL, he was under the impression that there was a month-to-month tenancy in place due to the fact that VIP still had storage material in the Building. J.A. 70.

Crowley's assertions are clearly contradicted by the record. There is ample evidence in the record that, at the time they prepared the POL, Crowley and Verino knew that the Building was vacant in April 2007. For example, in a final inspection report dated June 28, 2005, Pettinaro's operations manager, Richard Pittaccio, reported that all tenants had vacated the Building as of June 2005. J.A. 327. In addition, in an investigation report, dated June 15, 2007, the United States Bureau of Alcohol, Tobacco, Firearms and Explosives noted that the Building was vacant at the time of the fire. J.A.

6

345. Pettinaro also wrote off its losses due to VIP's rent arrearages and its debris removal costs in September 2006. J.A. 383.

Moreover, there is extensive documentation that the Building was not only vacant, but dangerously unmaintained. An engineering report commissioned by Pettinaro in October 2006 found that the Building was structurally unsound. J.A. 332–33. The sprinkler system had been broken for years at the time of the fire and there was no electricity, gas, or water. J.A. 459. Pettinaro's property manager, Patricia Cox, testified that she was advised not to enter the Building because it was too dangerous. J.A. 419. Moreover, after an earlier fire on April 12, 2007, Pettinaro's safety director concluded that the Building was unsafe and it would be too risky for employees to enter to remove combustibles. J.A. 331. The District Court correctly found that those facts constituted "overwhelming evidence" that Crowley and Verino knew that the Building was unoccupied at the time of the fire and that Pettinaro was not charging anybody rent. Pettinaro Enters., LLC, 2010 WL 5126006, at *6.

B.

The District Court also appropriately held that Pettinaro's misrepresentation was material because it "would substantially affect the defendant's defense of the insurance claim." Id. The Restatement (Second) of Contracts § 164(2) (1977) provides that "a misrepresentation is material if it would be likely to induce a reasonable person to manifest his assent, or if the maker knows that it would be likely to induce the recipient to do so." In an insurance action, "a misrepresentation will be considered material if a reasonable insurance company, in determining its course of action, would attach

7

importance to the facts misrepresented." Long v. Ins. Co. N. Am., 670 F.2d 930, 934 (10th Cir. 1982) (citing Restatement (Second) of Contracts § 538(2)(a)).

Pettinaro argues that the loss of rent misrepresentation was immaterial because Continental did not conduct its investigation differently due to the misrepresentation. Although Continental's investigation may not have been significantly affected by the misrepresentation, the test for materiality is an objective one. See id. A misrepresentation about one's losses in a POL is undoubtedly material because statements in a POL are fundamental to an insurance company's decision about how it will structure its investigation. See Allstate Ins. Co. v. A.A. McNamara & Sons, Inc., 1 F.3d 133, 134–35 (2d Cir. 1993) (holding that misrepresentations to insurer about the occupancy and contents of a property before it was damaged by fire were material). Moreover, Pettinaro's misrepresentation caused Continental to investigate the Building's tenancy in more depth because, if VIP were a tenant at the time of the fire, it would have been unable to deny the claim based on the policy's vacancy-arson exclusion. We conclude, therefore, that the District Court properly held that no reasonable juror could find that Pettinaro's misrepresentation was immaterial. Pettinaro Enters., LLC, 2010 WL 5126006, at *6.

### C.

Pettinaro's last contention is that the District Court erred because it did not consider the fourth element of an affirmative defense of material misrepresentation, that is, whether Pettinaro intended to deceive Continental.

8

There is no intent to deceive requirement in the Concealment, Misrepresentation or Fraud provision in the insurance policy. Nevertheless, the POL required Pettinaro to certify that "no attempt to deceive the said company, as to the extent of said loss, has in any manner been made." J.A. 191. In addition, the "Duties After A Loss" provision in the insurance policy provided that the POL must be "signed and sworn to by the Insured, stating the knowledge and belief of the Insured as to [the loss]". J.A. 134. Pettinaro argues, therefore, that an intent to deceive must be proven before the policy can be voided due to a misrepresentation.

The Court need not decide definitively whether an intent to deceive must be proven because, even if it is, such intent can be inferred from the District Court's finding that Pettinaro knowingly misrepresented a material fact. The United States Supreme Court has held that intent to defraud can be inferred from the knowledge of a false statement of a material matter. Claflin v. Commonwealth Ins. Co., 110 U.S. 81, 95 (1884) ("Where one . . . has made a false representation, knowing it to be false, the law infers that he did so with an intention to deceive." (citation and quotation marks omitted)); see also Burkert v. Equitable Life Assurance Soc. of Am., 287 F.3d 293, 297–98 (3d Cir. 2002); Wagnon v. State Farm Fire & Cas. Co., 146 F.3d 764, 771 (10th Cir. 1998) (holding that, "so long as Mr. Wagnon's misrepresentations were made knowingly and deliberately, the intent to deceive the insurer will be implied."); Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 148 (3d Cir. 1993) ("Fraud is presumed in these cases from knowledge of the falsity.").

9

As indicated above, there is considerable evidence that Crowley and Verino knew that the building was vacant. The building was fenced off, boarded up and declared unsafe for occupancy. No utilities were functioning and rent was not being collected from any tenants. No reasonable jury could conclude that Crowley and Verino did not intend to deceive Continental in claiming a loss of rents, when the Building was indisputably vacant and had been for years. We will, therefore, affirm the District Court's order granting summary judgment in Continental's favor and dismissing the case.

IV.

Continental cross-appealed the District Court's decision to grant Pettinaro leave to amend the complaint to include charges of bad faith denial of coverage and breach of the implied covenant of good faith and fair dealing. Because we will affirm the District Court's grant of summary judgment, the cross-appeal issue is moot and, therefore, need not be addressed.

V.

For the foregoing reasons, we will affirm the judgment of the District Court.