19-3117(L)
*Weyant v. The Phia Grp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

       At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of August, two thousand twenty.

Present:       ROSEMARY S. POOLER,
               PETER W. HALL,
               DENNY CHIN,
                    *Circuit Judges.*

_____

JESSICA WEYANT, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,

               *Plaintiff-Appellant-Cross-Appellee*,

        v.                         19-3117, 19-3536

THE PHIA GROUP LLC, INDECS CORPORATION,

               *Defendants-Third-Party-Plaintiffs Counter-Defendants-Appellees-Cross-Appellants.*[1]

_____

Appearing for Plaintiff-Appellant:       Charles Kannebecker, Milford, PA.

Appearing for Defendants-Appellees:     Catherine Dowie, Matthiesen, Wickert & Lehrer, S.C. (Ryan L. Woody, *on the brief*), Hartford, WI.

---

[1] The Clerk of Court is directed to amend the caption as above.

Thomas J. Luz, KLG Luz & Greenberg, LLP (*on the brief*), New York, N.Y.

Amicus Curiae:                David J. Edwards, Harris Beach PLLC, Pittsford, N.Y., *for* The Orange Ulster School Districts Health Plan.

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **VACATED and REMANDED.**

Plaintiff-Appellant Jessica Weyant appeals from the September 27, 2019 final judgment of the United States District Court for the Southern District of New York (Schofield, *J.*) granting summary judgment in favor of Defendants on the basis that Weyant failed to exhaust her administrative remedies. Defendants cross-appeal from the district court's September 13, 2018 memorandum and opinion granting in part and denying in part their motion to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e review the district court's decision with regard to the exhaustion of remedies for abuse of discretion." *Maddalone v. Local 17, United Bhd. of Carpenters & Joiners of Am.*, 152 F.3d 178, 183 (2d Cir. 1998). As we have stated before, "[e]xhaustion is the rule, waiver the exception." *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992). However, we do not require plaintiffs to exhaust their administrative remedies where there is no administrative remedy to exhaust. *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 179 (2013).

Weyant argued to the district court that the Plan did not provide a remedy for disputes regarding the Plan's right to reimbursement, and therefore she was not required to exhaust administrative remedies for this claim. The district court noted that the Plan did not contain explicit language providing guidance on how Weyant could have appealed her claim. It also quoted our precedent in *Kirkendall* where, after concluding that an ERISA plan was ambiguous as to whether there was an administrative remedy, we examined whether the plaintiff "failed to exhaust her administrative remedies because of this ambiguity; that is, whether she did indeed reasonably interpret the plan terms not to require her to file a benefits claim." *Kirkendall*, 707 F.3d at 181. But, unlike in *Kirkendall,* here the district court did not rule on whether the Plan was ambiguous. Instead, the court jumped ahead and found that Weyant did not reasonably interpret the Plan's terms because her attorney never attempted to determine which appeals process to use and instead merely sent a check under protest without explaining the underlying grounds for the challenge.

Even though Weyant's counsel never inquired as to the proper procedure for appealing, we conclude that the district court erred in determining that exhaustion was required here

2

because there was no evidence that an administrative appeals process existed for Weyant to exhaust. Because there was no administrative remedy available, Weyant's counsel was not required to inquire about the proper procedures to follow. Accordingly, we vacate and remand so the district court can consider the remaining arguments presented in the motions for summary judgment.

With respect to the cross-appeal, Defendants "seek reversal of the District Court's ruling that Plaintiff had adequately stated a claim for conversion." Appellee-Cross-Appellant's Br. at 6. In their notice of appeal, Defendants specify that they are cross-appealing from the district court's earlier September 13, 2018 opinion and order denying in part their motion to dismiss.

"Ordinarily, a party to a lawsuit has no standing to appeal an order unless [it] can show some basis for arguing that the challenged action causes [it] a cognizable injury, *i.e.,* that [it] is 'aggrieved' by the order." *Spencer v. Casavilla,* 44 F.3d 74, 78 (2d Cir. 1994). As noted above, Defendants prevailed below on its motion for summary judgment. They argue in their cross-appeal that they are aggrieved inasmuch as the district court did not earlier dismiss Weyant's claims on Defendants' preferred grounds. But as an appellate court, we "review[] judgments, not statements in opinions." *Black v. Cutter Labs.,* 351 U.S. 292, 297 (1956); *see also California v. Rooney,* 483 U.S. 307, 311 (1987) ("The fact that the [lower court] reached its decision through analysis different than this Court might have used does not make it appropriate for this Court to rewrite the [lower court's] decision, or for the prevailing party to request us to review it.").

Defendants were not aggrieved by the district court's final judgment. Accordingly, we dismiss their cross-appeal for lack of standing. *See Great Am. Audio Corp. v. Metacom, Inc*., 938 F.2d 16, 19 (2d Cir. 1991) (holding that the defendant, having prevailed below, was not entitled to cross-appeal on the grounds that the district court should have made findings favorable to it).

Accordingly, the judgment of the district court hereby is VACATED and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3