**Mamdouh HUSSEIN, Plaintiff–Appellant,**

v.

**HOTEL EMPLOYEES and Restaurant Union, Local 6, Vanessa Meade, and Peter Ward, Defendants–Appellees.**

Nos. 00–9123(L), 00–9186.

United States Court of Appeals, Second Circuit.

June 28, 2001.

Mamdouh Hussein, Jersey City, NJ, pro se.

Barry N. Saltzman, Herrick Feinstein, N.Y., NY, for appellees.

Present VAN GRAAFEILAND and KEARSE, Circuit Judges, and SEYBERT, District Judge.*

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by plaintiff *pro se* and by counsel for defendants.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is vacated and that the cross-appeal be and it hereby is dismissed.

Plaintiff *pro se* Mamdouh Hussein appeals from a judgment of the United States District Court for the Southern District of New York, Shira A. Scheindlin, *Judge,* granting summary judgment dismissing his complaint alleging violations of the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.* Defendants have cross-appealed, seeking

---

* Honorable Joanna Seybert, of the United States District Court for the Eastern District of New York, sitting by designation.

affirmance. For the reasons that follow, we vacate the judgment and remand for further proceedings.

At the oral argument of this appeal, this Court inquired of defense counsel whether either the district court or defendants had given Hussein notice, in accordance with cases such as *Vital v. Interfaith Medical Center*, 168 F.3d 615 (2d Cir.1999), of the consequences of failing to respond properly to defendants' motion for summary judgment. Although defense counsel stated his belief that such notice had been given, the documents he has now submitted to this Court in support of that belief do not show the requisite notice. While Hussein responded to the summary judgment motion with certain affidavits, his own affidavit appears merely to reiterate allegations of his complaint, and it is not clear from the record that he was aware of the type of response needed to defeat such a motion.

Accordingly, the judgment of the district court is vacated, and the matter is remanded for the giving of notice and for further proceedings not inconsistent with *Vital v. Interfaith Medical Center* and the authorities cited therein. *See also McPherson v. Coombe*, 174 F.3d 276 (2d Cir.1999). We express no view as to the merits of defendants' summary judgment motion, and nothing in this order forecloses the granting of such relief following the appropriate proceedings on remand.

Defendants' cross-appeal, filed "solely for the purpose of preserving alternative arguments in support of the Judgment" (Defendants' brief on appeal at 1), is dismissed as improvidently filed. *See generally Great American Audio Corp. v. Metacom, Inc.*, 938 F.2d 16, 19 (2d Cir.1991) (per curiam) (prevailing party is entitled to urge affirmance on any basis submitted to the district court and supported by the record, including a basis rejected by the court; but the prevailing party is not entitled to cross-appeal).

The judgment of the district court is vacated, and the matter is remanded for further proceedings consistent with the foregoing. The cross-appeal is dismissed.