12-3795-cv
*Doe v. Republic of Poland, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

---

JOHN DOE,

> *Plaintiff-Appellee,*

> v.                                                       No. 12-3795-cv

REPUBLIC OF POLAND, PERMANENT MISSION TO THE UN OF THE REPUBLIC OF POLAND, CONSULATE GENERAL FOR THE REPUBLIC OF POLAND, TRADE COMMISSION OF NEW YORK, EMBASSY FOR THE REPUBLIC OF POLAND, JAROSLAW KACZYNSKI, ANNA FORTYGA, KRZYSZTOF DABROWSKI, KRZYSZTOF W. KASPRZYK, BEDA PEKSA-KRAWIEC, JANUSZ REITER, ARTUR WARDZYNSKI, DARIUSZ WOIJCZEK, PAWEL PYTLADUZ, EWA JUNCZYK-ZIOMECKA, ROBERT KUPIECKI, AMBASSADOR, RADOSLAW SIKORSKI, W. SULGOSTOWSKI, WOJCIECH LUKASIEWIECZ, ROBERT WISNIEWSKI, EMBASSY OF THE REPUBLIC OF POLAND, FRELA WOJCIECH,

> *Defendants-Appellants,*

COMEDY PARTNERS, L.L.P., WASHINGTON POST COMPANY,
DONALD E. GRAHAM, CEO, ANNE APPLEBAUM, EDITORIAL
BOARD MEMBER AND COLUMNIST, NEWSWEEK INCORPORATED,
RICHARD SMITH, CHAIRMAN, TOMAS ANCSHEIM, STEPHEN
COLBERT, SPARTINA PRODUCTIONS, INCORPORATED, BUSBOY
PRODUCTIONS, INCORPORATED, LARRY DIVNEY, CEO,
KAZIMIERCZ SIKORSKI, BG GEN.,

      *Defendants.*[1]

---

**FOR PLAINTIFF-APPELLEE:**          John Doe, *pro se*, Fayetteville, NY.

**FOR DEFENDANTS-APPELLANTS:**      Robert Wisniewski, Robert Wisniewski, P.C., New York, NY.

      Appeal from an order of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

      **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

## BACKGROUND

      Defendants-appellants, a number of officials and entities of the government of the Republic of Poland and their attorney (jointly, "appellants"), appeal from an August 24, 2012 order, in which the District Court dismissed the complaint of plaintiff-appellee John Doe, also known as Eugene J. Fisch ("Fisch"). In that order, the District Court also, *sua sponte*, permanently enjoined Fisch from pursuing further litigation in any federal court in the State of New York with respect to certain alleged actions taken by the Polish government, including: (1) allegedly breaching a $20 million oral contract with Fisch, (2) allegedly making untrue media accounts of these events, and (3) allegedly conspiring to cover up these events, without first seeking authorization from the District Court.

      On appeal, the appellants contend that the District Court "abused its discretion when it did not extend its permanent injunction *sua sponte* to at least cover [Fisch's] filing in state courts within the state of New York, if not in any tribunal an[y]where in the United States." Appellants' Br. 13. Fisch did not file a notice of appeal and has not appeared in this Court. We assume the parties'

---

[1] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal.

## DISCUSSION

### A.

We have an independent obligation to address the scope of our jurisdiction. *See Jennifer Matthew Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs.*, 607 F.3d 951, 955 (2d Cir. 2010). Federal Rule of Appellate Procedure 3(c)(1) requires, *inter alia*, that a notice of appeal "designate the judgment, order, or part thereof being appealed." The requirements of Rule 3(c)(1) are jurisdictional, *see Gonzalez v. Thaler*, 132 S. Ct. 641, 651-52 (2012), and our jurisdiction "depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notice[ ] of appeal," *New Phone Co. v. City of N.Y.*, 498 F.3d 127, 131 (2d Cir. 2007).

Here, although the appellants moved for reconsideration of the District Court's August 24, 2012 order and requested that the District Court broaden its filing injunction against Fisch, they did not appeal the District Court's September 10, 2012 order, which denied that reconsideration motion. Instead, the appellants expressly limited the scope of their notice of appeal to the District Court's August 24, 2012 order, without mentioning the September 10, 2012 order or their request to broaden the filing injunction. Accordingly, because it cannot be inferred from the notice of appeal that the appellants sought to appeal the September 10, 2012 order, our jurisdiction, if valid, is limited to the District Court's August 24, 2012 order, which dismissed Fisch's case and *sua sponte* enjoined him as detailed above. *See Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 400 (2d Cir. 1997).

A further review of the record, however, makes clear that we lack jurisdiction to review even the District Court's August 24, 2012 order because the appellants are not an "aggrieved party" with regard to that order. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980) ("Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right [under 28 U.S.C. § 1291] to appeal therefrom."); *In re O'Brien*, 184 F.3d 140, 141 (2d Cir. 1999). Indeed, none of the appellants—who, other than their notice of removal, made no substantive filings in the case prior to the August 24, 2012 order—nor any of the other defendants, requested that the District Court enjoin Fisch from making further filings. *See Trust for the Certificate Holders of the Merrill Lynch Mortg. Investors, Inc. v. Love Funding Corp.*, 496 F.3d 171, 173 (2d Cir. 2007) ("A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." (internal quotation marks omitted)). Accordingly, inasmuch as the appellants lack standing

3

to bring this appeal, we lack jurisdiction to consider their claims. *See Spencer v. Casavilla*, 44 F.3d 74, 79 (2d Cir. 1994).

**B.**

Although we lack jurisdiction to review the District Court's actions, we note that the District Court, prior to imposing the filing injunction, did not provide Fisch with notice and an opportunity to be heard as our precedents require. *See Mackler Prods., Inc. v. Cohen*, 225 F.3d 136, 144 (2d Cir. 2000) ("[D]ue process requires that courts provide notice and an opportunity to be heard before imposing *any* kind of sanctions." (citation and internal quotation marks) (emphasis in original)). We also note that although we disfavor "blanket" filing injunctions that restrict a vexatious litigant from filing any action in state courts without first obtaining leave from a federal court, *see In re Martin-Trigona*, 737 F.2d 1254, 1263 (2d Cir. 1984), we have approved of certain "qualifications relating to the protection of federal interests" that may permissibly be placed on a vexatious litigant's access to state courts, *id.* Such "qualifications" may include: (1) requiring the vexatious litigant to attach a copy of the federal court's sanctions order to any future state-court filing; and/or (2) fashioning a specially-crafted injunction prohibiting the vexatious litigant "from bringing new actions in any tribunal without leave from the district court" against persons whom the litigant has previously harassed through judicial proceedings. *Id.* We need not consider these issues in this case, however, as Fisch has not appealed or otherwise appeared before this Court.

**CONCLUSION**

For the reasons stated, the appeal is **DISMISSED** inasmuch as we lack jurisdiction to review the District Court's actions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk